STATE of Iowa, Appellee,

v.

John Avery COY, Appellant.

No. 85–1842.

Supreme Court of Iowa.

Dec. 21, 1988.

Paul Papak, Iowa City, Marsha L. Weg, and Kimberly Joe Karn, Student Legal Interns, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Lawrence H. Schultz, Co. Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

In *State v. Coy*, 397 N.W.2d 730, 735 (Iowa 1986) we affirmed Coy's conviction on two counts of lascivious acts with a child. *See* Iowa Code § 709.8(1) (1985). So doing we rejected Coy's assertion that his constitutional right to confront the witnesses against him had been violated. In accordance with Iowa Code section 910A.3(1)

the victims, two young girls, testified while a screen was placed between them and the defendant.

On Coy's appeal from our holding the United States Supreme Court took a contrary view, finding Coy's right of confrontation was violated. —— U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857. The case is again before us on remand with directions to reverse Coy's conviction unless we determine that the defined error was harmless beyond a reasonable doubt. Because we are unable to make such a finding we are obliged to reverse Coy's conviction and remand the case for a new trial.

■ I. Where there has been a violation of a defendant's fundamental rights under the United States Constitution, we can hold error harmless only when we can declare a belief it was harmless beyond a reasonable doubt. *State v. Nelson*, 234 N.W.2d 368, 372 (Iowa 1975). *See also Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967); C. Torcia, *Wharton's Criminal Procedure*, § 643 at 365 (12th Ed.1976).

In seeking to preserve Coy's conviction the State points to the wording of the United States Supreme Court's mandate:

An assessment of harmlessness cannot include consideration of whether the witness's testimony would have been unchanged, or the jury's assessment unaltered, had there been confrontation; such an inquiry would obviously involve pure speculation, and *harmlessness must therefore be determined on the basis of the remaining evidence.*

*Coy* at ——, 108 S.Ct. at 2803, 101 L.Ed.2d at 867 (emphasis added).

■ The emphasized language must not be taken out of context. It does not mean that we are to ignore the defined error and evaluate the remaining evidence on any sort of de novo basis. The burden is on the prosecution to prove beyond a reasonable doubt that the error complained of did not contribute to the guilty verdict. *Chapman* at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710; C. Torcia, *supra.*, at 365. Our task then is to evaluate the evidence, other than that proscribed as error, and to determine whether it was so overwhelming that we are abidingly convinced the defined error did not contribute to the jury's finding of guilt.

When a federally guaranteed right is involved federal law is to be used in assessing harmlessness. *Chapman* at 21–22, 87 S.Ct. at 827, 17 L.Ed.2d at 709. Harmlessness is more difficult to establish when the prosecution relies on circumstantial evidence. *See, Harrington v. California*, 395 U.S. 250, 254, 89 S.Ct. 1726, 1729, 23 L.Ed. 2d 284, 288 (1969). *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674, 686–87 (1986), involved the improper denial of adequate cross examination. The opinion lists the following factors for use in assessing harmlessness:

[T]he importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Id.*

■ II. The facts here were recited in our prior opinion. The girls' testimony was the only direct evidence and it was the only evidence of the elements of the offense. It has now been stricken. The remaining testimony, all circumstantial, merely connected Coy to the offense. It was persuasive, but not overwhelming. The remaining evidence was clearly not so overwhelming that it can be said beyond a reasonable doubt that the defined error did not contribute to the jury's finding of guilt.

REVERSED AND REMANDED.