STATE of Iowa, Appellee,

v.

Jerry Dean BROUGHTON, Appellant.

No. 88–1564.

Supreme Court of Iowa.

Jan. 24, 1990.

Raymond E. Rogers, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett and Thomas H. Miller, Asst. Attys. Gen., and Paul M. Goldsmith, County Atty., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

CARTER, Justice.

This appeal is from a judgment of conviction in the second trial of defendant, Jerry Dean Broughton, on a charge of murder in the first degree. The first trial also resulted in a conviction of the offense charged. That conviction was reversed, however, in *State v. Broughton*, 425 N.W.2d 48 (Iowa 1988). The facts developed at the first trial are set forth in detail in our first *Broughton* opinion, and because the evidence offered at the second trial does not differ significantly, we deem it unnecessary to again detail the evidence in this opinion.

Defendant seeks a reversal of his conviction in the second trial on two grounds: (1) that he received ineffective assistance of counsel based on his trial attorney's failure to object to the omission of a significant element of the crime in the marshaling instruction, and (2) that the district court allowed irrelevant testimony concerning the victim's family's sense of loss as a result of the crime. We find no merit in either of these contentions and affirm the judgment of the district court. Our reasons for so doing are hereafter set forth with respect to each of the assignments of error.

I. *The Ineffective–Assistance–of–Counsel Claim.*

■ At defendant's second trial, the charge of first-degree murder was submitted to the jury on alternative theories of (a) willful, deliberate, and premeditated murder; and (b) felony murder. Defendant's ineffective-assistance-of-counsel claim is based on the failure of his trial counsel to object to the marshaling instruction on the ground that it failed to require the State to establish malice aforethought as an element of murder under the felony murder theory.

In instructing the jury, the court stated in Instruction No. 13:

The law provides that a person commits Murder in the Second Degree when he kills another with either express or implied malice aforethought.

However, it is Murder in the First Degree, if, in addition, he:

1. Willfully, deliberately, and with premeditation kills another person, or;

2. Kills another person while participating in a forcible felony such as robbery.

That instruction correctly advises the jury as to all of the elements of both first-degree murder and second-degree murder. However, in giving Instruction No. 13A, which was the marshaling instruction, the court only included malice aforethought as an element of murder which the State must establish under the willful, deliberate, and premeditated theory. It omitted that element in instructing on the felony murder theory.

As the point of beginning in considering defendant's claims, we must accept his contention that Instruction 13A was erroneous concerning the elements of felony murder. In *State v. Ragland,* 420 N.W.2d 791, 794 (Iowa 1988), we recognized that the State must establish malice aforethought under a felony murder theory because that element is required to satisfy the basic definition of murder contained in Iowa Code section 707.1 (1987). We also accept defendant's contention that, where two inconsistent instructions are given to the jury, one which correctly details the law and one which erroneously states the law, this will ordinarily result in reversible error because it is impossible to know which instruction the jury followed. This principle is particularly applicable when the error occurs in the marshaling instruction.

Defendant contends that the present case cannot be distinguished from our opinion in *State v. Goff,* 342 N.W.2d 830 (Iowa 1983), in which counsel was found to be ineffective for failing to object to a marshaling instruction which omitted an essential element of kidnapping. Our determination in *Goff* led to a reversal of that defendant's conviction on direct appeal.

In comparing *Goff* with our more recent decisions on ineffective assistance of counsel, it is apparent that case was decided

under a different analysis than that which has more recently been applied. The analysis employed in *Goff* was simply to determine whether counsel had failed to preserve error on an issue which, if error had been preserved, would have led to a reversal. Because it was determined that the conviction would have been reversed had error been preserved on the court's omission of a material element in the marshaling instruction, a new trial was ordered.

The approach to ineffective assistance of counsel taken in *Goff* must be contrasted with that which was applied by this court in *State v. Propps*, 376 N.W.2d 619 (Iowa 1985). *Propps* also involved a claim of ineffective assistance of counsel based on an alleged failure to object to omission of an essential element in the marshaling instruction. We made it clear in that case that ineffective-assistance-of-counsel claims, based on failure to preserve error, are not to be reviewed on the basis of whether the claimed error would have required reversal if it had been preserved at trial. It is incumbent on a convicted person seeking relief on a claim of ineffective assistance of trial counsel to demonstrate within the totality of the trial the dual elements of (a) breach of an essential duty, and (b) prejudice.

In considering the breach-of-essential-duty element with respect to jury instructions, we have said that "not every right to insist that a particular instruction be given need be availed of by counsel in order to satisfy the standard of normal competency." *State v. Blackford*, 335 N.W.2d 173, 178 (Iowa 1983). In determining this issue, we have recognized that whether or not counsel objects to a particular instruction must be determined with regard to the theory of defense which is being employed in the case. *Id.*

In the present case, the theory of defense was (a) a claim of total lack of involvement in the crime, and (b) a claim that

if defendant was involved in the crime he was too intoxicated to realize what he was doing. Because the facts of the killing were such that a jury would likely find it was perpetrated with malice aforethought, counsel would probably not consider inclusion of the malice element in the marshaling instruction to be essential to those theories of defense.[1]

Nor do we believe the facts of the present case will sustain the prejudice element which must be shown in order to obtain relief on claims of this nature. We have recognized in ineffective-assistance-of-counsel cases that

the facial appeal of such an argument [failure to object to an erroneous jury instruction] is diminished in most situations where practical considerations make it unlikely that the inclusion of a particular element in the marshaling instruction would have produced any difference in the verdict of the jury.

*Propps*, 376 N.W.2d at 623 (quoting *Blackford*, 335 N.W.2d at 178). We find no merit in defendant's ineffective-assistance-of-counsel claim in the present case.

II. *Refusal to Exclude Testimony Concerning the Victim's Family's Sense of Loss.*

The second issue on appeal is defendant's claim that the district court erred in admitting testimony concerning the victim's family's sense of loss. The defendant objected to testimony by the victim's grandson concerning the extent of the victim's family, *i.e.*, the number of children and grandchildren, and a description of his grandfather's personality and character. Although we do not accept the State's argument that such evidence should be received as a matter of course in order to "humanize" the murder victim, we cannot find sufficient prejudice in the rather innocuous biographical information which was the subject of the present objection to warrant a reversal of the conviction.[2]

---

1. The rule that voluntary intoxication may negate a specific intent which is an element of a crime does not apply to malice aforethought in murder cases. *See State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986); *Veverka v. Cash*, 318 N.W.2d 447, 449 (Iowa 1982); *State v. Gramenz*, 256 Iowa 134, 142–43, 126 N.W.2d 285, 290–91 (1964).

2. The peculiar circumstances in *Wycoff v. State*, 382 N.W.2d 462, 468 (Iowa 1986), where the

We admonish trial courts, however, that, in the phase of a criminal prosecution where the issue is the determination of guilt, this type of evidence should be received sparingly unless the victim's character is relevant to a particular issue in dispute.

We have considered all issues presented and find no basis for overturning defendant's conviction.

AFFIRMED.

theory of "humanizing the victim" was accepted, will not be applicable in most murder prosecu- tions.