STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR POLK
COUNTY, Defendant.

John R. MAYER, Appellee,

v.

STATE of Iowa, Appellant.

No. 89–1024.

Supreme Court of Iowa.

Dec. 19, 1990.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., James Smith, County Atty., Nan Horvath and Scott Rosenberg, Asst. County Attys., for appellant.

David D. Butler, Des Moines, for appellee.

SNELL, Justice.

The State brought this appeal from the grant of postconviction relief and filed a petition for certiorari to separately challenge a provision in the same judgment. The district court set aside the petitioner's prior (and previously affirmed) conviction

of third-degree sexual abuse. The question involves the use of closed circuit television during the testimony of witnesses who were minors. We affirm the grant of post-conviction relief. We sustain a writ of certiorari issued on the State's petition to challenge the district court's disposition of the case.

Petitioner John R. Mayer was charged on January 27, 1987, with third-degree sexual abuse of three mentally retarded students who were riders on a school bus he was driving. There were four students on the bus at the time of the incident. The trial court found that three of the young witnesses were competent to testify. Following a jury verdict of guilty Mayer's conviction was affirmed on his direct appeal by the Iowa court of appeals in an unpublished opinion. *See State v. Mayer,* 438 N.W.2d 35 (Iowa App.1988) (table).

On the State's motion, the trial court employed a closed circuit television arrangement to shield the young witnesses from Mayer while they testified. Mayer's counsel did not object, and in fact agreed to the arrangement, at trial and previously when they were deposed. The failure of Mayer's counsel to object to the State's motion for the protection of the witnesses in his case, meant that the issue was not preserved for appeal. For this reason, appellate counsel did not raise the issue on direct appeal. *See State v. Miles,* 344 N.W.2d 231, 233 (Iowa 1984).

Mayer brought an action in district court pursuant to Iowa Code chapter 663A (1987), claiming trial counsel's failure to preserve error constituted ineffective assistance of counsel. The district court agreed, and granted Mayer's application for postconviction relief. As a result, the district court set aside Mayer's conviction, dismissed the charge, ordered Mayer released from custody, and granted the State sixty days in which to reindict. The court also ordered that contingent upon the filing of charges, the same conditions of bail be set for Mayer that obtained prior to the first trial or in the event he could not post bond, that the petitioner be freed within the context of the pretrial release program.

## I. *Sequestering Defendant.*

Prior to trial the State moved that the trial testimony of the child-witnesses be taken out of the presence of the defendant. The State asked this in order to avoid a face-to-face contact or the viewing by the child-witnesses of the defendant. The motion asserted that all the child-witnesses have some form of learning or mental disability. Authorities for the relief requested were cited as Iowa Rule of Criminal Procedure 12(2), and Iowa Code chapter 910A (1985). Some of the witnesses were alleged to be children, as defined by Iowa Code section 702.5 (1985).

The State asked that the defendant be confined to an adjacent room or behind a screen or mirror that would permit the defendant to see and hear the child-witnesses during their testimony, but would not allow them to see or hear the defendant. Further, the State asked that the arrangement provide that defendant and his counsel be able to confer during the testimony and that the children be informed that the defendant could see and hear their testimony.

Mayer's counsel agreed to the shielding of the witnesses from Mayer believing it was legitimized by our decision in *State v. Coy,* 397 N.W.2d 730 (Iowa 1986), and his understanding of our rules of evidence regarding the shielding of rape victims during testimony. Iowa R.Evid. 412. He was apparently not aware that *Coy* was at that time on appeal to the United States Supreme Court.

The trial court made a record with counsel regarding screening the defendant from the witnesses. The court specifically referred to our case of *Coy* which had approved a screening procedure. The trial court believed the defendant's right of confrontation under the constitutions of Iowa and the United States was protected.

At trial the testimony of the alleged victims was taken in the courtroom while defendant Mayer was confined to the judge's chambers. He was able to see his counsel in the courtroom and could see the witness-

es by looking at a television screen. The witnesses could not see defendant.

Defendant objected to this procedure at the outset and complained to his counsel. He said he would get a "fairer" trial if he could see the children face-to-face at trial. He told counsel he wanted to be present at the depositions and also during trial but his counsel explained to him that the law at that time was that they could keep the children sequestered from him.

## II. *Postconviction Requirements.*

In order to prevail in this postconviction proceeding, Mayer must prove both that his trial counsel failed to perform an essential duty and that prejudice resulted from counsel's failure. *State v. Hill,* 449 N.W.2d 626, 628 (Iowa 1989); *State v. Miles,* 344 N.W.2d 231, 233–34 (Iowa 1984) (citing *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981)). In examining the prejudice element, we are guided by the following principle:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

In *Strickland* the Supreme Court stated that even a professionally unreasonable error made by counsel does not warrant setting aside a judgment if the error had no effect on the judgment. *Id.* at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 696.

Mayer's confrontation claim must of course now be viewed in its postconviction context, not as it would have been if raised on direct appeal. In this proceeding he made a showing that his counsel in the direct appeal passed the confrontation issue only because there had been no trial objection, and hence the matter was not preserved for review. Mayer thinks the failure to preserve error on this crucial constitutional question denied him effective assistance of counsel, and that we should therefore consider the error at the postconviction stage. Such a view finds some support in our earlier postconviction opinions. *Cf. State v. Goff,* 342 N.W.2d 830, 838 (Iowa 1983) (counsel ineffective because of failure to object to marshaling instruction). In *State v. White,* 337 N.W.2d 517 (Iowa 1983), we determined that ineffective assistance of appellate counsel will provide sufficient reason to permit the issue of ineffective trial counsel to be raised for the first time in the postconviction proceeding.

Our postconviction opinions have undergone an evolution and now embrace the two-step analysis of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). *See, e.g., Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981). Our changed view on the question was spelled out frankly in *State v. Broughton,* 450 N.W.2d 874 (Iowa 1990), where we qualified *Goff:*

> [I]neffective-assistance-of-counsel claims, based on failure to preserve error, are not to be reviewed on the basis of whether the claimed error would have required reversal if it had been preserved at trial. It is incumbent on a convicted person seeking relief on a claim of ineffective assistance of counsel to demonstrate within the totality of the trial the dual elements of (a) breach of an essential duty, and (b) prejudice.

*Id.* at 876.

Our review of this issue of constitutional significance is de novo.

> Whether we call such a review de novo or a review under the totality of circumstances our function is the same. We consider anew all the matters presented to, and which should have been considered by, the trial court and reach our own conclusion on whether the constitutional safeguard was violated. It makes no practical difference whether such a review is called de novo or one under the totality of circumstances.

*Kellogg v. State,* 288 N.W.2d 561, 563 (Iowa 1980).

III. *Essential Duty.*

■ To establish a breach of an essential duty, the first element, the challenged legal representation must be shown to fall below the range of normal competence. *State v. Blackford,* 335 N.W.2d 173, 178 (Iowa 1983); *State v. Aldape,* 307 N.W.2d 32, 41–42 (Iowa 1981). One claiming ineffectiveness must overcome a presumption of effectiveness. *Sims v. State,* 295 N.W.2d 420, 423 (Iowa 1980).

Defendant Mayer was tried for committing sexual abuse against H.M., C.B., and M.M. At the time of trial, H.M. was fourteen years old; M.M. was fifteen years old. He was convicted on the count involving the fifteen-year-old and acquitted on the other two counts.

The statutory authority for the confrontation procedure stems from rule 12(2)(b) regarding depositions. That rule states:

The court may upon motion of a party and notice to the other parties order that the testimony of a victim or witness who is a child, as defined in Iowa Code section 702.5, be taken by deposition for use at trial. Only the judge, parties, counsel, persons necessary to record the deposition, and any person whose presence, in the opinion of the court, would contribute to the welfare and well being of the child may be present in the room with the child during the child's deposition.

The court may require a party be confined to an adjacent room or behind a screen or mirror that permits the party to see and hear the child during the child's deposition, but does not allow the child to see or hear the party. However, if a party is so confined, the court shall take measures to insure that the party and counsel can confer during the deposition and shall inform the child that the party can see and hear the child during the deposition.

Iowa Code section 910A.14(1) (1987), regarding courtroom testimony states:

A court may, upon its own motion or upon motion of any party, order that the testimony of a child, as defined in section 702.5, be taken in a room other than the courtroom and be televised by closed circuit equipment in the courtroom to be viewed by the court. Only the judge, parties, counsel, persons necessary to operate the equipment, and any person whose presence, in the opinion of the court, would contribute to the welfare and well being of the child may be present in the room with the child during the child's testimony.

The definition of a child, specifically referenced in section 702.5, in rule 12 and in section 910A.14 states as follows:

For purposes of titles XXV to XXVII, unless another age is specified, a *"child"* is any person under the age of fourteen years.

■ Our statutory authority for sequestering witnesses is keyed to our statutory definition of "child." That definition sets the age parameters at "any person under the age of fourteen years." Two of the victim witnesses did not meet the statutory criterion, since they were fourteen and fifteen years old. Mayer's conviction was for sexual abuse of M.M., the fifteen year old. The State argues that the statute was designed to protect a child's mentality from the rigors of a courtroom experience. Because these children suffered from a mental disability, the State argues their chronological age is irrelevant, their functioning level was below normal, they functioned as children and are therefore covered by the spirit and intent of section 910A.14.

Though laudable in purpose, the State's argument has no basis in law. We are cited to and find no authority for sequestering a defendant from the witnesses on the basis of this rationale. Nothing in the statutes relied on suggests or permits this interpretation of legislative intent. Such a construction would remove the statutory restriction of "under fourteen" and substitute a standard without limits. The statute would be effectively eviscerated. We hold the trial court's sequestering defendant during the testimony of the witnesses H.M. and M.M. was in error. Mayer's counsel by agreeing to the sequestration that was patently unauthorized by existing statute failed to perform an essential duty to pro-

tect defendant's constitutional right of confrontation.

## IV. *Resulting Prejudice.*

This court has defined an error causing prejudice as one that the defendant proves has resulted in an actual and substantial disadvantage to the defendant "infecting his entire trial with error of constitutional dimensions." *Miles,* 344 N.W.2d at 234 (quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816, 832 (1982)).

Subsequent to Mayer's trial, the Supreme Court overturned our ruling in *Coy v. Iowa. Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). The Supreme Court ruled in *Coy* that a screening procedure that shielded the defendant from the thirteen-year-old victims during their testimony, absent a finding of necessity, violated the confrontation clause of the sixth amendment. *Id.* at 1021–22, 108 S.Ct. at 2803, 101 L.Ed.2d at 867. On remand, we acknowledged that we could not speculate whether, but for the procedure, the witness's testimony would have changed or the jury's assessment been altered. *State v. Coy,* 433 N.W.2d 714 (Iowa 1988). In *Interest of J.D.S.,* 436 N.W.2d 342 (Iowa 1989), decided after the United States Supreme Court's decision in *Coy,* we affirmed a procedure in which the defendant was segregated from the witnesses by a one-way mirror. That result was supported by the trial court finding, after hearing, that segregation was necessary. On July 16, 1990, the United States District Court, Northern District of Iowa, on a habeas corpus petition, agreed with our court that the procedure was constitutionally valid, and denied the writ.

On June 27, 1990, the Supreme Court decided *Maryland v. Craig,* ── U.S. ──, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), which considered the constitutional validity of receiving the testimony of a child abuse victim by a one-way closed circuit television. Defendant was segregated from the child-witness who testified from another room while defendant remained in the courtroom, the reverse of the arrangements used in the case at bar. The Supreme Court held that this procedure did not violate the confrontation clause of the sixth amendment since defendant retained the essence of the right of confrontation. However, in so holding the court reaffirmed its decision in *Coy* that the State must make an adequate showing of necessity in an individual case.

The requisite finding of necessity must of course be a case-by-case specific one: the trial court must hear evidence and determine whether use of the one-way closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify. *Craig,* ── U.S. at ──, 110 S.Ct. at 3169, 111 L.Ed.2d at 685.

As a consequence of the agreement of Mayer's attorney to allow the witnesses to be shielded from Mayer, no testimony was taken regarding the necessity for such arrangements to protect the witnesses. Although no hearing was held at trial on whether the witnesses would be traumatized by a face-to-face confrontation, evidence on this was presented at the postconviction hearing. The State argued that had an objection been made it was prepared to show the children's need to testify outside the presence of the defendant. The evidence would have come from a therapist who was working with the children, a social worker from the Child Guidance Center and a clinical child psychologist. These witnesses would have testified that the children were so fearful that they would not have been able to testify. They were suffering a posttraumatic syndrome, displaying anger, confusion and having nightmares. Some had a fear of being left alone and did not feel safe anymore. One was concerned that defendant would retaliate if she testified against him. From this evidence the State argues that the trial court would have reached the same conclusion and sequestered the defendant even if an objection to the procedure had been made; thus, no prejudice to defendant occurred.

■ There is a fine line between the fear to which a retarded person may be subjected by a confrontation with the defendant

that impedes a statement of truth and that which forces it out. Since the core value in the confrontation clause is to bring out the truth its mechanism should be retained inviolate save limited exceptions. But the main problem with the State's argument is that even if this testimony had been presented prior to trial and had been accepted by the trial court as true, there is no underlying basis in our law for sequestering the fourteen- and fifteen-year-old witnesses from the defendant during their testimony. They are clearly outside the parameters of the legislature's designation of what child witnesses may be sequestered, even on a finding of necessity.

In *Strickland* the court said that the governing legal standard in assessing the prejudice resulting from counsel's errors is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.

> Most important, in adjudicating a claim of actual ineffectiveness of counsel, a court should keep in mind that the principles we have stated do not establish mechanical rules. Although those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Strickland*, 466 U.S. at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.

■ Although *Coy v. Iowa* was decided on direct appeal, on remand from the United States Supreme Court, we applied principles relating to prejudice. We said, where there has been a violation of a defendant's fundamental rights under the United States Constitution, we can hold error harmless only when we can declare a belief it was harmless beyond a reasonable doubt. *Coy*, 433 N.W.2d at 714.

> An assessment of harmlessness cannot include consideration of whether the witness's testimony would have been unchanged, or the jury's assessment unaltered, had there been confrontation; such an inquiry would obviously involve pure speculation, and harmlessness must therefore be determined on the basis of the remaining evidence.

*Coy*, 487 U.S. at 1021–22, 108 S.Ct. at 2803, 101 L.Ed.2d at 867.

> Our task then is to evaluate the evidence, other than that proscribed as error, and to determine whether it was so overwhelming that we are abidingly convinced the defined error did not contribute to the jury's finding of guilt.

*Coy*, 433 N.W.2d at 715.

Applying these tests to the facts in *Coy*, we determined that, after striking the proscribed testimony that violated the right of confrontation, the remaining evidence would not sustain the conviction. It was not so overwhelming that it could be said beyond a reasonable doubt that the defined error did not contribute to the jury's finding of guilt. *Id.* at 715.

■ We have the same consequence in the present case. Mayer was convicted of sexual abuse of a fifteen-year-old girl whose testimony cannot now be considered. Her testimony as well as that of a fourteen-year-old witness was illegally received, because no statutory exception to the right of confrontation applied to these witnesses. One witness, C.B., was "under the age of fourteen" and therefore met the statutory definition of a "child." But his testimony was taken without the supporting element of a finding of necessity by the trial court as required by *Coy* and reaffirmed by *Craig.*

None of these evidentiary errors can be ascribed as being the fault of the defendant Mayer who vigorously objected to the procedure that thwarted his constitutional right of confrontation. The prosecution, with only the untainted evidence remaining, falls far short of proving beyond a reasonable doubt that the errors did not contribute to the verdict. Under the totality of the circumstances, we find that preju-

dice has occurred to defendant's constitutional rights. Accordingly, we hold that defendant's confrontation right as guaranteed by the United States and Iowa Constitutions was violated. U.S. Const. amends. VI & XIV; Iowa Const. art. I., § 10. The postconviction court's ruling is affirmed on this issue.

### V. *Proper Remedy.*

 By petition for writ of certiorari the State challenged the postconviction court's remedy of dismissal. The court cited as its authority Iowa Code section 663A.7 which states:

> If the court finds in favor of the applicant, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings, and supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper.

Although the statute grants authority to a court to order a discharge, this is not a proper remedy here. Section 663A.9 provides that the appeal proceeds according to the rules of appellate procedure for appeals in criminal cases. Section 814.22 directs that if a judgment against the defendant is reversed, the reversal shall be deemed an order for a new trial, unless the appellate court directs a different disposition.

In *State v. Hillsman*, 281 N.W.2d 114, 117 (Iowa 1979), where exculpatory evidence was suppressed, we held that dismissal of the prosecution was not an appropriate remedy. Instead, the conviction should have been set aside and a new trial granted.

Here there is no challenge made to the trial information. The defect causing reversal is similar to that in *Hillsman. See also State v. Goff,* 342 N.W.2d 830, 838 (Iowa 1983); 18 Am.Jur.2d *Coram Nobis* § 60, at 683 (1985). Accordingly, we sustain the writ of certiorari and order a new trial.

DISTRICT COURT JUDGMENT AFFIRMED; WRIT SUSTAINED.

All Justices concur, except HARRIS, CARTER and LAVORATO, JJ., who concur in result only.