**STATE of Iowa, Plaintiff–Appellee,**

v.

**Evelyn Jo DAMME, Defendant–Appellant.**

**No. 93–0545.**

Court of Appeals of Iowa.

June 28, 1994.

Robert L. Rausch and Matthew W. Hoffey of Rausch Law Firm, Waterloo, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Linda A. Hall, Asst. County Atty., for appellee.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

SACKETT, Presiding Judge.

Defendant-appellant Evelyn Jo Damme was convicted following a jury trial of first-degree theft in violation of Iowa Code sections 714.1(4) and 714.2(1) (1993). Defendant appeals contending the district court erred in: (1) allowing evidence of the current market value of items stolen; (2) improperly curtailing cross-examination of the State's witness; (3) allowing the State to amend the minutes to testimony during trial; and (4) finding sufficient evidence the value of the stolen property was $10,000. We affirm.

Defendant was charged with exercising control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe such property having been stolen, said property having a value exceeding $10,000; contrary to and in violation of section 714.1(4) and section 714.2(1) of the Iowa Criminal Code.

Defendant's home was searched and about 200 items seized. At trial twenty-six witnesses identified items of property as theirs, and they provided values for their property. About two-thirds of the items were claimed to belong to someone else. Defendant sought to ask the witnesses on cross-examination if they knew who took the property or if the defendant had stolen the property. The trial court refused to allow defendant's attorney to elicit answers to these questions.

■ Defendant contends the trial court erred in admitting evidence of the value of the stolen property. Defendant specifically argues the trial court improperly allowed the State to use current market value to establish the value of property stolen in the past.

■ Defendant was allowed to make a standing objection to valuation testimony. That objection was:

> We object to any testimony on any item where the standard of value is other than the replacement—excuse me—the fair market value at the time that the property was taken.

This is the error that was preserved for review. As a general rule, issues not presented in the trial court may not be raised for the first time on appeal. *Conner v. State*, 362 N.W.2d 449, 457 (Iowa 1985).

The value of property is defined in the Iowa Code section 714.3 (1993) as:

> [i]ts highest value by any reasonable standard at the time that it is stolen. Reasonable standard includes but is not limited to

market value within the community, actual value, or replacement value.

■ Valuation is determined at the time the property is stolen. *State v. Scott*, 405 N.W.2d 829, 833 (Iowa 1987); *see also State v. Boyken*, 217 N.W.2d 218, 220 (Iowa 1974).

The error preserved by defendant is not well taken. The statute provides value is the "highest value by any reasonable standard at the time it is stolen." Iowa Code § 714.3 (1993). Reasonable standard is defined as the "market value within the community, actual value, or replacement value." Iowa Code § 714.3 (1993).

We affirm on this issue.

Defendant's second contention is there is not evidence to support the degree of the offense with which the defendant was charged.

■ A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the state, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980).

Defendant was convicted of first-degree theft. One element of the charge is the value of the stolen property must exceed $10,000. *See* Iowa Code § 714.2(1) (1993).

■ The trial court gave the following instruction on valuation:

The value of property means its highest value by any reasonable standard at the time of the theft. Reasonable standard includes, but is not limited to, the property's actual value, its replacement value, or its market value within the community.

Defendant objected to the instruction as misleading, speculative, and excessive and proposed the following instruction:

The value of the property means its value by any reasonable standard at the time of the theft, but in no event shall the value exceed the actual value of the property at the time of the theft.

The trial court refused to give defendant's proposed instruction. Defendant complains the instruction given resulted in the jury arriving at an improper valuation when considering the evidence. We find no error on this issue.

■ Defendant also complains the jury was not given an opportunity to view the property allegedly stolen. This issue was not raised at the trial court level and will not be considered for the first time on appeal. *See Conner*, 362 N.W.2d at 457.

■ Defendant next contends the trial court erred when her attorney was not allowed to question the witnesses on cross-examination about who stole their property and if they knew whether defendant stole it.

The trial court considered defendant's inquiry irrelevant to the charge of exercising control over stolen property. Defendant made an offer asserting if the witness was allowed to testify he would state he did not know if defendant stole the property. The State stipulated its witnesses did not know if defendant stole their property but contended that fact was not relevant to the State's charge.

■ A defendant's right to cross-examine witnesses is secured by the confrontation clause of the Sixth Amendment of the United States Constitution. *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1994).

■ A reasonable latitude must be accorded the person cross-examining but the scope of the subject of the inquiry rests generally in the trial court's discretion. *State v. Richardson*, 442 N.W.2d 91, 93 (Iowa 1989); *State v. Carney*, 236 N.W.2d 44, 46 (Iowa 1975); *State v. Droste*, 232 N.W.2d 483, 489 (Iowa 1975); *State v. Menke*, 227 N.W.2d 184, 191 (Iowa 1975).

The trial court's discretion in this respect is a legal discretion and should not be exercised so as to exclude matters vital and proper to the defense of one accused. *State v. Van Rees*, 246 N.W.2d 339, 346 (Iowa 1976); *Carney*, 236 N.W.2d at 46; *State v. Rowe*, 238 Iowa 237, 243, 26 N.W.2d 422, 425 (1947).

The scope of cross-examination of a State's witness should be extended liberally on behalf of a defendant charged with a grave offense. *Carney*, 236 N.W.2d at 46; *Rowe*, 238 Iowa at 243, 26 N.W.2d at 425; *State v. Christy*, 198 Iowa 1302, 1308, 201 N.W. 42, 44 (1924).

Defendant was charged with theft in the first degree by her exercise of control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe such property has been stolen.

Defendant argues the fact is she was charged with theft and knowledge of a property's stolen character is an element of the offense. And because knowledge of the fact the property was stolen is an element of the charge, the evidence of whether or not defendant stole the property is relevant to knowledge or lack of knowledge.

Generally speaking, however, when the direct examination opens a general subject, the cross-examination may go into any phase, and may not be restricted to mere parts which constitute a unity, or to the specific facts developed by the direct examination. 81 Am.Jr.2d *Witnesses* § 821 at 672 (1992). Cross-examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut, or make clearer the facts testified to in chief by the witness on cross-examination. *Id.* Cross-examination should always be allowed relative to the details of an event or transaction, a portion only of which has been testified to on direct examination, and a party is entitled to bring out on cross-examination every circumstance relating to a fact which an adverse witness has been called to prove. *Id.* at 672–73.

The State contends the information was not relevant because defendant was charged with exercising control over stolen property which the State argues is a separate and distinct offense from simple theft. The State further argues because exercising control over stolen property does not contain an element of the knowledge of who stole the property, the witnesses' knowledge as to who stole their property had no connection to defendant's exercise of control over the stolen property and the evidence was not relevant.

In *State v. Washington*, 356 N.W.2d 192, 195 (Iowa 1984), the defendant was charged with theft by exercising control over stolen property and he objected to allowing the jury to consider whether he actually stole the property. The court in rejecting his argument said:

This contention ignores the relationship between the act of stealing property and the act of exercising control over stolen property. Under Iowa Code section 714.1 the former act necessarily encompasses the later, because one who steals property must exercise control over it and *must know that it is stolen.* 4 J. Yeager & R. Carlson, Iowa Practice § 316 at 82 (1979). It was not improper for the jury to consider whether defendant had actually stolen property, because an affirmative finding on that issue would have lead to a verdict that defendant was guilty of the offense with which he was charged (theft by exercising control over stolen property, section 714.-1(4)). (Emphasis added).

The court in *Washington*, 356 N.W.2d at 195, recognized there is a relationship between the act of stealing property and the act of exercising control over the stolen property. Further, whether defendant stole the property or knew who stole the property is clearly relevant to whether or not defendant had knowledge the property was stolen. Defendant should have been allowed to ask the questions on cross-examination and the trial court abused its discretion in refusing her counsel that opportunity.

The State also contends defendant was not prejudiced by the refusal of the trial court to allow the cross-examination.

Where there has been a violation of defendant's fundamental rights under the

United States Constitution, we can hold error harmless only when we can declare a belief it was harmless beyond a reasonable doubt. *State v. Coy,* 433 N.W.2d 714, 715 (Iowa 1988); *State v. Nelson,* 234 N.W.2d 368, 373 (Iowa 1975). *See also Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967); C. Torcia, *Wharton's Criminal Procedure,* § 643 at 365 (12th Ed.1976).

■ The burden is on the prosecution to prove beyond a reasonable doubt that the error complained of did not contribute to the guilty verdict. *Coy,* 433 N.W.2d at 715; *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710; c. Torcia, *Wharton's Criminal Procedure,* § 643 at 365 (12th Ed.1976). The State has met the burden. We affirm on this issue.

■ Defendant's last claim is she was prejudiced by the State's amending the trial information to add a witness. Trial was originally set for January 12, 1993, and then January 19, 1993. On January 14, 1993, the State filed a motion to amend the minutes to testimony to add the name of Leon Mueterthies to testify to ownership of a computer found at defendant's residence. Defendant resisted and the district court denied the State's motion.

The State's attorney contended she was unaware of the ruling and called the witness anyway. Defendant, aware of the ruling, objected. The trial judge overruled the prior judge's order but said defendant could take the witnesses' deposition that day, which was a Friday, and the witness was called on Monday. The deposition was not taken and the witness testified.

The State admits Iowa Rule of Criminal Procedure 18(2) prohibits the State from introducing a witness when his or her minute of testimony was not a part of the indictment or the witnesses' minute is not added and defendant given notice ten days before trial. The State also admits neither course was taken here.

However, if the State fails to give notice within the ten-day period, the court "may order the state to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances." Iowa Rule of Criminal Procedure 18(3); *see also State v. Ellis,* 350 N.W.2d 178, 182 (Iowa 1984).

Defendant was given the opportunity to depose the witness. Defendant does not contend there were reasons why the witness could not be deposed nor does she advance specific reasons why the witness presented evidence in the case that she could not investigate without additional time. We affirm on this issue.

**AFFIRMED.**