909 P.2d 418

**The STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Maurice Portley, a judge thereof, Respondent Judge,**

**and**

**Joe C. HARRIS, Real Party In Interest.**

No. 1 CA–SA 95–0124.

Court of Appeals of Arizona, Division 1, Department E.

June 13, 1995.

Reconsideration Denied Oct. 2, 1995.

Review Denied Jan. 17, 1996.*

---

* Feldman, C.J., of the Supreme Court voted to grant the Petitioner for Review and hear oral argument on the application of Rule 611, Arizona Rules of Evidence.

Richard M. Romley, Maricopa County Atty. by E. Catherine Leisch, Deputy County Atty., Phoenix, for petitioner.

Woolston & Kothe, P.C. by Karen L. Kothe, Phoenix, for real party in interest.

OPINION

CONTRERAS, Presiding Judge.

The issue in this Special Action is whether the trial court abused its discretion by denying the State's motion to allow a seventeen year-old, mentally impaired victim to testify by video or closed circuit television. The State contends that the testimony outside of the presence of the real party in interest qualifies under Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–4253 as an exception to the Federal and State confrontation clauses. We accept jurisdiction but deny relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1993, the alleged victim, L.W., a seventeen year-old, mentally impaired student, arrived home wearing a new t-shirt. L.W. informed her mother that her school bus driver, Joe Harris, had given her the shirt and touched her breasts. The police were notified and, in the subsequent investigation, L.W. indicated that Harris had sexually molested her.

A grand jury indicted Harris for sexual assault and sexual abuse, and the case proceeded in anticipation of trial. As the date of L.W.'s expected testimony approached, her mother reported that L.W. had been unable to sleep and had thrown up for fear of seeing Harris in court. Petitioner then filed a motion under A.R.S. section 13–4253 to allow L.W. to testify by video or closed circuit television.

The trial court denied the motion as a matter of law, ruling that:

The statute, A.R.S. § 13–4251, clearly states that the statutory child witness protection provisions apply only to minors who are under the age of 15. The clear language of the statute means that the Arizona Legislature only wanted to protect children under a certain age and not all children.

Although an argument can and should be made that the Arizona Legislature would want all young people, especially the mentally infirm, to be protected so that the 'rigors' of testifying could be militated, the statute does not bear out that intent. Additionally, in *State v. Iowa Dist. Court for Polk County*, 464 N.W.2d 244 (Iowa 1990), the Iowa Supreme Court, in examining a similar statute concluded that the Iowa legislature meant what it said and the child

witness protection could not be expanded even for young people functioning below the statutory age level.

Petitioner subsequently filed this Petition for Special Action.

## II. DISCUSSION

We have jurisdiction to accept this Petition for Special Action, and we do so because there is no adequate and speedy remedy by appeal, and this is a matter of state-wide importance. The standard of review is whether the trial court abused its discretion.

The complete text of A.R.S. section 13–4253 provides that:

A. *The court, on motion of the prosecution, may order that the testimony of the minor be taken in a room other than the courtroom and be televised by closed circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding.* Only the attorneys for the defendant and for the state, persons necessary to operate the equipment and any person whose presence would contribute to the welfare and well-being of the minor may be present in the room with the minor during his testimony. Only the attorneys may question the minor. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the minor during his testimony but does not permit the minor to see or hear them. The court shall permit the defendant to observe and hear the testimony of the minor in person but shall ensure that the minor cannot hear or see the defendant.

B. *The court, on motion of the prosecution, may order that the testimony of the minor be taken outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding.* Only those persons permitted to be present at the taking of testimony under subsection A may be present during the taking of the minor's testimony, and the persons operating the equipment shall be confined from the minor's sight and hearing as provided by subsection A. The court shall permit the defendant to observe and hear the testimony of the minor in person but shall ensure that the minor cannot hear or see the defendant. The court shall also ensure that:

1. The recording is both visual and aural and is recorded on film or videotape or by other electronic means.

2. The recording equipment was capable of making an accurate recording, the operator was competent and the recording is accurate and is not altered.

3. Each voice on the recording is identified.

4. Each party is afforded an opportunity to view the recording before it is shown in the courtroom.

C. If the court orders the testimony of a minor to be taken pursuant to this section, the minor shall not be required to testify in court at the proceeding for which the testimony was taken.

A.R.S. § 13–4253 (emphasis added).

A.R.S. section 13–4253 "applies to the testimony or statements of a minor in criminal proceedings involving acts committed against ... [a] minor.... 'minor' means a person *under fifteen years of age.*" A.R.S. § 13–4251 (emphasis added). Petitioner has forcefully argued that the Arizona Legislature intended A.R.S. section 13–4253 to protect not only those children who are chronologically under fifteen, but also children who are developmentally under fifteen.

We must conclude, however, that the trial court was correct in ruling that A.R.S. section 13–4253 is limited to those children who are chronologically under the age of fifteen. If our legislature wishes to include both a child's chronological and developmental age, it must explicitly do so. Otherwise, we must interpret the statute according to the plain meaning of its language. In the present case, the meaning could not be more clearly expressed. The provisions of A.R.S. section 13–4253 apply only to persons who are *"under fifteen years of age."* A.R.S. § 13–4251.

The court in *State v. Iowa Dist. Court for Polk County* interpreted a similar statute [1] to protect only those children who are chronologically under the age specified. The court reasoned that expanding the statute's protection to those who "functioned as children.... would remove the statutory restriction ... and substitute a standard without limits." 464 N.W.2d at 247.

We conclude, as did the Iowa Supreme Court, that judicially extending the relevant statute's protection to include an entirely new protected class (the mentally impaired) would transcend the legislature's clearly stated purpose. Any changes in the statute must be made by the legislature and not the courts.

Accordingly, we grant jurisdiction but deny the requested relief.

KLEINSCHMIDT and GERBER, JJ., concur.

---

1. The Iowa statute states, "For purposes of title XVI, unless another age is specified, a 'child' is any person under the age of fourteen years." Iowa Code § 702.5.