NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa
County Attorney, *Petitioner*,

*v.*

THE HONORABLE SHERRY STEPHENS, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

CHRISTOPHER WILSON, *Real Party in Interest*.

No. 1 CA-SA 15-0128
FILED 8-27-2015

Petition for Special Action from the Superior Court in Maricopa County
No. CR2012-142112-001 DT
The Honorable Sherry K. Stephens, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Keli B. Luther
*Counsel for Petitioner*

Robert J. Campos Associates, PLC, Phoenix
By Robert J. Campos
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

---

**C A T T A N I**, Judge:

¶1        Real Party in Interest Christopher Wilson has been charged with several counts of sexual conduct involving a 14-year-old boy ("M.C.") and a 17-year-old boy ("C.L."). In this special action proceeding, the State of Arizona seeks relief from the superior court's order granting Wilson's request for an in camera review of the victims' school records. The State argues that the court's order is improper because it violates the victims' rights under the Arizona Constitution to refuse discovery requests in a criminal case.

¶2        Because the State has no timely or adequate remedy by appeal once confidential school records are subjected to an in camera review, we accept jurisdiction. *See* Ariz. R.P. Spec. Act. 1(a); *State ex rel. Romley v. Superior Court (Harris)*, 184 Ariz. 351, 353, 909 P.2d 418, 420 (App. 1995); *see also Romley v. Schneider (Porras-Salazar)*, 202 Ariz. 362, 363, ¶ 5, 45 P.3d 685, 686 (App. 2002) (noting that a victim's right under the Arizona Constitution not to provide information (fingerprints) to a defendant before trial is incapable of protection if the matter is not reviewed until post-trial). Because Wilson has not demonstrated a compelling reason to overcome the victims' right to refuse Wilson's discovery request, we grant relief.

## FACTS AND PROCEDURAL BACKROUND

¶3        Wilson first met C.L. when Wilson was a Phoenix police detective assigned to the Community Relations Bureau as a liaison to the LGBT community. Several years later, when C.L. was 17 years old, Wilson allegedly began to have sexual relations with him. Through C.L., Wilson met M.C., and a short time later, Wilson allegedly engaged in sexual conduct with both boys.

¶4        The State charged Wilson with four counts of sexual conduct relating to M.C. (class 2 felonies and dangerous crimes against children in the first degree), and six counts of sexual conduct relating to C.L. (class 6 felonies).

¶5          Following various pre-trial proceedings, Wilson filed a motion to compel the disclosure of both victims' school records, arguing that the records were relevant to prepare a defense to the State's allegation of emotional harm as an aggravating circumstance and to the victims' motives to lie.  After briefing and oral argument, the court granted Wilson's motion in part, authorizing a subpoena to be issued to the victims' schools to require disclosure of their school records for purposes of an in camera review.[1]  The State filed this special action, arguing that forced disclosure of the victims' school records would violate the victims' rights under the Arizona Constitution.

## DISCUSSION

¶6          Arizona's Victims' Bill of Rights provides, in relevant part:

> To preserve and protect victims' rights to justice and due process, a victim of crime has a right:
>
> 1. To be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process.
>
> . . .
>
> 5. To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.
>
> . . .
>
> 11. To have all rules governing criminal procedure and the admissibility of evidence in all criminal proceedings protect victims' rights . . . .

Ariz. Const. art. II, § 2.1(A).  Consistent with that provision, under Rule 39(b) of the Arizona Rules of Criminal Procedure:

> Notwithstanding the provisions of any other rule . . . a victim shall have and be entitled to assert each of the following rights:  . . . The right to refuse an interview, deposition, or

---

[1]     The order "relates to the grades, attendance and disciplinary records for the victims for the period January 1, 2012 through December 31, 2012."

other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

¶7        Unless a defendant's due process rights are implicated, there is generally no federal or state constitutional right to pre-trial discovery. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 53-54 (1987) (holding that a defendant's right of cross-examination was not violated when a child protective service agency refused to turn over its confidential records to him); *Norgord v. State ex rel. Berning*, 201 Ariz. 228, 233, ¶ 21, 33 P.3d 1166, 1171 (App. 2001) (upholding victim's right to refuse pre-trial interview); *cf. State v. Tucker*, 157 Ariz. 433, 438, 749 P.2d 579, 584 (1988) (noting that although there is no general federal constitutional right to discovery, "the Constitution does impose on the prosecution a due process obligation to disclose exculpatory evidence that is material on the issue of guilt or punishment.") (citing *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963); *United States v. Bagley*, 473 U.S. 667, 676-84 (1985)).

¶8        The superior court acknowledged the victims' right to decline discovery requests, but nevertheless concluded—based on *State ex rel. Romley v. Superior Court (Roper)*, 172 Ariz. 232, 836 P.2d 445 (App. 1992), and *State v. Connor*, 215 Ariz. 553, 161 P.3d 596 (App. 2007)—that "some limited infringement on the victim's rights may be required" upon consideration of the defendant's due process right of access to evidence favorable to the defense and material to either guilt or punishment. Although we generally review the superior court's discovery rulings for an abuse of discretion, we consider de novo the constitutional claims underlying the request (and the State's opposition) in this case. *See Connor*, 215 Ariz. at 557, ¶ 6, 161 P.3d at 600.

¶9        In *Roper*, this court ordered a pre-trial in camera review of a victim's medical records under circumstances very different than those here. The defendant asserted a justification defense premised on the aggravated assault victim (her husband) having multiple personalities, including some that were violent. 172 Ariz. at 237, 836 P.2d at 450. The defendant claimed that she stabbed the victim in self-defense after he attacked her while manifesting one of his violent personalities. *Id.* The defendant sought disclosure of the victim's medical (psychiatric) records, and the superior court ordered in camera review of the records solely on the issue of multiple personalities. *Id.* at 234–35, 836 P.2d at 447–48.

¶10        On the State's petition for special action, this court held that, "when the defendant's constitutional right to due process conflicts with the Victims' Bill of Rights in a direct manner, such as the facts of this case

present, then due process is the superior right." *Id.* at 236, 836 P.2d at 449. As such, the court reasoned that any such records provided by the victim to the prosecution would be subject to disclosure if exculpatory as *Brady* material, because *Brady* considerations squarely implicate the defendant's constitutional rights. *Id.* at 239, 836 P.2d at 452.[2] The court also reasoned that, to the extent the Victims' Bill of Rights imposes restrictions on a defendant's access to information "essential to preparation for effective, reasonable cross-examination or impeachment of the victim," such restrictions "must be proportionate to the interest of protecting the victim as balanced against the defendant's due process right to a fundamentally fair trial." *Id.* at 240, 836 P.2d at 453. Because the court had already ordered an in camera inspection of the medical records, the superior court was instructed to consider the defendant's need for the information for effective cross-examination as well. *Id.*

¶11 In *Connor*, this court rejected the defendant's request that the superior court be ordered to conduct an in camera review of the victim's medical records in a case in which the victim, an intellectually and emotionally challenged young man, was stabbed to death. Notwithstanding the defendant's assertion of self-defense, this court distinguished *Roper* and concluded that the defendant had not presented a sufficiently specific basis to require that the victim's medical records be provided for an in camera review. 215 Ariz. at 558, ¶ 11, 161 P.3d at 601. This court noted that although an in camera review was ordered in *Roper*, "we did so in the context of a reasonable possibility that the information sought by the defendant included information to which she was entitled as a matter of due process." *Id.* This court further stated:

> [I]n a case such as this in which ordering any production of
> the information sought would also infringe on a victim's

---

[2] Because *Roper* involved medical records, this court also addressed the parallel concern of the victim's statutory physician–patient privilege and instructed the superior court to consider on remand whether the victim had waived the privilege to the extent (if at all) he had shared the records with the prosecution or as a result of the defendant's presence during some of the victim's counseling sessions. 172 Ariz. at 239, 836 P.2d at 452. The court further held that, even absent an implied waiver, the defendant's due process right would overcome the statutory privilege if *Brady* applied, the records were exculpatory, and the records were essential to the defense theory or otherwise necessary for impeachment. *Id.* Because the school records at issue here are not privileged, however, we address only the victims' rights considerations.

constitutional and statutory privileges, before the Court could order an *in camera* production of the materials for its review, the defendant would have to demonstrate that his "substantial need" for the information would, at least potentially, amount to one of constitutional dimension.

*Id*. at 561, ¶ 22, 161 P.3d at 604. Accordingly, under *Connor*, unless a defendant's need for information implicates a constitutional right, *e.g.*, exculpatory information under *Brady*, the victim should not be required to provide pre-trial discovery, even for the limited purpose of an in camera review.

¶12 Here, Wilson has not provided any concrete basis establishing that the information he seeks is necessary to secure his constitutional rights. Unlike the *Roper* defendant—who had presented the victim's multiple arrests and prior domestic violence conviction as well as his extensive psychiatric treatment (at least some of which the defendant had attended) to explain why the medical records were relevant and potentially necessary to support a justification defense, 172 Ariz. at 238, 836 P.2d at 451—Wilson has not demonstrated why the victims' school records would help his case. He has not indicated a theory of the case he would pursue if the records evidence problems at school, as opposed to a theory of the case he would pursue if the records do not evidence problems at school. Without some substantial, concrete showing of necessity, Wilson's request is essentially a fishing expedition in search of undefined evidence.

¶13 Wilson acknowledges having engaged in sexual conduct with the two victims; the only dispute is the number of times he did so. Wilson notes that the victims have an incentive to lie, citing in particular a civil lawsuit the younger victim has filed against the City of Phoenix, and Wilson thus asserts that the victims' credibility must be explored, including through information that may or may not be present in school records. But to permit the type of discovery Wilson seeks, tethered only to an unsubstantiated assertion relating to a victim's alleged lack of credibility, would contravene the Victims' Bill of Rights.

¶14 Wilson also asserts that the school records may be relevant to a potential sentencing factor, *i.e.*, emotional trauma to the victims. But the State has avowed that it will not be offering school records to establish emotional harm to the victims as a sentencing factor. Thus, Wilson will be free to argue that there are no school records that support harm to the victims, and Wilson has not established that his need for the records implicates a constitutional right.

**¶15** Because the victims are entitled under the Arizona Constitution to refuse Wilson's discovery request, and because Wilson has not shown that the failure to disclose school records for in camera review implicates a constitutional right, we accept jurisdiction and grant relief by vacating the superior court's order directing the disclosure of school records.



Ruth A. Willingham · Clerk of the Court
FILED: ama