STATE of Iowa, Appellee,

v.

Steven Lyle HENDREN, Appellant.

No. 65112.

Supreme Court of Iowa.

Oct. 21, 1981.

James C. Dunbar of Dunbar & Dunbar, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and David Correll, Black Hawk County, Atty., for appellee.

McCORMICK, Justice.

Defendant Steven Lyle Hendren appeals from his conviction by jury and sentence for sexual abuse in the third degree in violation of section 709.4, The Code. When he did not appear on the second day of trial, the trial court ordered trial to proceed without him. His attorney, an assistant public defender, did not thereafter cross-examine witnesses or give a final argument. Defendant contends the trial court erred in overruling his attorney's motion for mistrial

based on his absence. He also contends he was denied effective assistance of counsel by his attorney's failure to participate actively in the remainder of the trial. We find he has established his claim of ineffective counsel and therefore reverse for new trial.

I. *Defendant's absence from trial.* We have discussed a defendant's right to be present at trial in a number of recent cases. *See State v. Hempton,* 310 N.W.2d 206 (Iowa 1981); *State v. Anderson,* 308 N.W.2d 42 (Iowa 1981); *State v. Hemminger,* 308 N.W.2d 17 (Iowa 1981); *State v. Dreessen,* 305 N.W.2d 438 (Iowa 1981). The defendant's right to be present under U.S. Const. amend. VI and XIV is implemented in Iowa R.Crim.P. 25.

■ Like any personal constitutional guarantee, a defendant's right to be present at trial can be waived. *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). The right may be waived through disruptive conduct. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). It may also be waived by the voluntary absence of the defendant. *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

In the present case, the trial court held that defendant waived his right to be present by voluntarily absenting himself on the second day of trial. This ground of waiver is delineated in rule 25(2): "In all cases, the progress of the trial or any other proceeding shall not be prevented whenever a defendant, initially present, . . . (a) Voluntarily absents himself or herself after the trial or other proceeding has commenced."

■ Because waiver of a constitutional right is involved, the trial should not proceed in a defendant's absence unless it is established his right to be present has been effectively waived. In *Taylor v. United States,* 414 U.S. 17, 19–20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174, 177 n.3 (1973), the Supreme Court approved a statement from *Cureton v. United States,* 130 U.S. App. D.C. 22, 27, 396 F.2d 671, 676 (1968), that for the absence to be deemed voluntary the defendant

"must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away." We apply that standard here.

In this case one day of testimony had concluded. Trial had adjourned until 9:00 a. m. the next morning. Defendant, who was free on bail, was to meet with his attorney before testimony resumed. Instead he left a suicide note and disappeared. Defendant's attorney told the trial court he did not take the suicide note seriously but did not know where defendant was. Over counsel's objection and motion for mistrial, the court found defendant's absence was voluntary and ordered trial to continue.

Defendant was arrested in Muscatine approximately two weeks later. He testified to the circumstances of his disappearance in support of a motion in arrest of judgment. He alleged in the motion that the court erred in proceeding with the trial in his absence. He testified that he started smoking marijuana and drinking beer after adjournment of the first day of trial, woke up in a Waterloo motel room the next morning, was confused and did not remember he was to be in court. He acknowledged that his confusion and loss of memory ended before he was apprehended, but he had not contacted his attorney. The court overruled the motion in arrest of judgment.

■ Because a constitutional right is involved, we review de novo the facts on which the voluntariness finding was made. As a result, we find defendant's absence was voluntary within the meaning of rule 25(2)(a). Even considering defendant's evidence in the motion in arrest of judgment proceeding, we find the credible evidence shows that he was aware of the trial, that he was also aware of his right and obligation to be present, and that he deliberately absented himself without good cause.

In this situation the trial court had discretion to proceed with the trial in defendant's absence. *See United States v. Pastor,* 557 F.2d 930, 933 (2d Cir. 1977), and citations. We hold that the court did not abuse its discretion in overruling defense counsel's motion for mistrial.

II. *Effectiveness of counsel.* Defendant contends his trial attorney did not effectively represent him in his absence. This contention is based on the fact the attorney did not actively participate further in the trial. He did not cross-examine the two remaining State witnesses, and he did not give a final argument. The record made at trial and in the arrest of judgment proceeding is sufficient to permit defendant's contention to be addressed in this appeal.

█ Standards governing effective representation are delineated in *Hinkle v. State*, 290 N.W.2d 28, 30–31 (Iowa 1980). The right to counsel under U.S. Const. amend. VI and XIV means conscientious and meaningful representation. *State v. Williams*, 207 N.W.2d 98, 104 (Iowa 1973). To the extent defendant's absence deprived his attorney of the ability to represent him effectively, he has no basis for complaint. He certainly made his attorney's task difficult. However, in giving up the right to be present defendant did not automatically forfeit the right to have counsel continue to exert his best efforts in his behalf, subject to the handicap imposed by his absence.

In the present case, defense counsel made no effort to defend the case in defendant's absence. He asserted that defendant's absence deprived him of the ability to present a tenable defense. We do not believe this reason adequately explains counsel's total lack of effort.

The record does not show how defendant's absence disabled defense counsel from cross-examining the State's two remaining witnesses. Although counsel asserted surprise at the nature of tape recordings of defendant's telephone conversations introduced earlier when defendant was present, he knew from extensive pretrial investigation and discussions with defendant what the witnesses would say. In fact he asserted he had evidence one of the witnesses had been threatened with prosecution if he did not cooperate with the police. He did not explain his failure to use this evidence to impeach the witness. In any event, if cross-examination was otherwise justified, it was not prevented by defendant's absence.

Even if competent counsel would not have cross-examined either of the final two State witnesses, the waiver of argument cannot be excused. Defense counsel said the theory of defense was that the sex act on which the charge was based was consensual. Although the alleged victim had testified that the act was nonconsensual, the State's evidence was not overwhelming on that issue. It rested largely on the complainant's credibility. She admitted that she rode around with defendant in his pickup truck at her suggestion for about an hour before the incident. In addition, even though defendant did not testify, the arresting officer said defendant told him the act was consensual.

█ The sixth amendment right to counsel includes the right to make a defense. The Supreme Court has held that right is infringed when the defense attorney is denied the right to make a final argument. *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). We believe the reasoning of the Court applies equally when the attorney gives up the right on his own without justification:

It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt. (Citation omitted.)

The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more

important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment. *Id.* at 862, 95 S.Ct. at 2555, 45 L.Ed.2d at 600.

■ Counsel plainly had grounds for argument. He had nothing to lose by trying. Under Iowa Code of Professional Responsibility DR 7–101, he had a duty to try. In permitting a trial to continue in a defendant's absence, Iowa R.Crim.P. 25(2)(a) presupposes that defense counsel will continue to represent the defendant zealously despite the client's absence. The client gives up his right to be present by a voluntary absence, but he does not give up his right to counsel. Defense counsel might well have been correct that the cause was hopeless, but that did not give him an option to abandon the defense. The merits of the case were for the jury to decide.

We hold that defendant was denied the effective assistance of counsel by his attorney's unjustified failure to participate actively in the trial in defendant's absence.

REVERSED.

All justices concur except, REYNOLDSON, C. J., and HARRIS, UHLENHOPP and McGIVERIN, JJ., who dissent.

HARRIS, Justice (dissenting).

Defendant's trial problem was not ineffective assistance of counsel; it was ineffective assistance of client. I cannot believe counsel's decision to forego cross-examining or arguing had a whit to do with the trial's outcome. Under the bizarre circumstances here counsel's decision might well have then seemed good trial strategy. I think it fell within the standard of reasonable competence, the test we explained in *Sims v. State*, 295 N.W.2d 420, 423 (Iowa 1980), and *Hinkel v. State*, 290 N.W.2d 28, 30–31 (Iowa 1980).

Defendant's absence placed his counsel in what counsel considered to be an impossible situation. His trial strategy was devastated. Efforts thereafter centered on what counsel then believed to be his client's only hope: that the judge might become persuaded to grant a mistrial. His choice to decline to participate did not succeed in achieving the mistrial. Perhaps it was doomed to failure. Perhaps by way of hindsight it can be said counsel's silence would do nothing to impel the judge to grant a mistrial. But counsel might reasonably have believed that chances for a mistrial would diminish to whatever extent he continued to participate. In view of his client's absence from the trial, chances of persuading the judge to grant a mistrial seemed better than chances of arguing successfully to the jury.

I would affirm.

REYNOLDSON, C. J., and UHLENHOPP and McGIVERIN, JJ., join in this dissent.