STATE of Iowa, Appellee,

v.

**Donald O. WHITE, Appellant.**

No. 68885.

Supreme Court of Iowa.

Aug. 17, 1983.

Francis C. Hoyt, Jr., Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., and David E. Richter, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

Defendant Donald O. White appeals from a judgment, based on his guilty plea, convicting him of third-degree sexual abuse. He alleges ineffective assistance of counsel and sentencing error, in that trial court provided for a determinate instead of an indeterminate sentence. We modify the sentence provided in the district court judgment and affirm.

I. Defendant's brief devotes but a single paragraph to his claim of ineffective counsel. The brief alleges that:

Appellant has made known to appellate counsel several complaints concerning his trial counsel's performance. Among defendant's claims are that his trial attorney permitted him to plead guilty to the charge of sexual abuse while aware that defendant's illiteracy prevented him from knowingly and intelligently entering said plea.

Defendant further asserts "the present record is insufficient to allow this Court to adjudicate a claim of ineffective assistance of counsel" and that these "complaints are best suited for a postconviction relief proceeding so that an evidentiary record ... can be made." Concluding, he "requests that his right to raise the issue of ineffective assistance of counsel be preserved for postconviction relief proceedings."

The State argues the record refutes defendant's assertion his illiteracy prevented him from knowingly and intelligently enter-

ing a guilty plea. It implies defendant's otherwise generalized claim of ineffective counsel will not support a present determination that the issue should be preserved for subsequent proceedings.

The general principles we apply in considering claims of ineffective counsel are well established and will not be repeated here. *See Hinkle v. State,* 290 N.W.2d 28, 30–31 (Iowa 1980); *Kellogg v. State,* 288 N.W.2d 561, 563 (Iowa 1980).

■ We may quickly dispose of the only specific instance of alleged ineffective assistance raised by defendant. The record discloses both trial court and defense counsel were aware of defendant's illiteracy. Defense counsel read the minutes of the prosecutor's information to the defendant. The plea hearing consisted of an oral colloquy between court and defendant in full conformance with the requirements of Iowa Rule of Criminal Procedure 8(2)(b)–(d). Defendant's replies to the court's questions were responsive and disclosed a perceptive understanding of the proceedings. It is clear defendant knowingly and intelligently entered his guilty plea. We find no merit in the claim defense counsel rendered ineffective assistance in this regard.

Turning to the general assertion of ineffective assistance of counsel, we are presented with an issue of first impression: Does this minimal allegation require us to preserve these unarticulated issues against the operation of an Iowa Code section 663A.8 waiver?[1]

In *Washington v. Scurr,* 304 N.W.2d 231 (Iowa 1981), we wrote:

Postconviction relief is not a means for relitigating claims that were or should have been properly presented at trial or on direct appeal. § 663A.2. Any claim not properly raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously. *Horn*

*v. Haugh,* 209 N.W.2d 119, 120 (Iowa 1973); § 663A.8.

*Id.* at 234. In *Washington* we also pointed out that "[a] postconviction proceeding is not an avenue for litigating issues that were not properly preserved for our review on direct appeal." *Id.* at 235; *accord Hinkle,* 290 N.W.2d at 31.

■ In *State v. McCray,* 231 N.W.2d 579, 581 (Iowa 1975), we expressed our dissatisfaction with defendant's summary contention on appeal that his trial counsel had been unprepared. Where the specifics of alleged ineffective counsel are presented on direct appeal, we often have been able to resolve the issue. *See, e.g., State v. Schoelerman,* 315 N.W.2d 67, 71–72 (Iowa 1982); *State v. Hendren,* 311 N.W.2d 61, 63–64 (Iowa 1981); *State v. Killpack,* 276 N.W.2d 368, 372 (Iowa 1979); *State v. Townsend,* 238 N.W.2d 351, 357 (Iowa 1976); *State v. Massey,* 207 N.W.2d 777, 779–80 (Iowa 1973). Thus, a defendant's ineffective assistance claim on appeal is hardly an inconsequential step in the proceedings. This court should be provided at a minimum with enough information to make an initial assessment of defendant's contentions. Whether the specific issue can be disposed of on appeal or must be reserved for resolution in postconviction proceedings is a determination that should be made by the appellate court, not by defense counsel. We cannot base our holding on the bald assertion in a brief that counsel provided ineffective assistance in some undisclosed fashion.

■ It is true, of course, that we frequently find a defendant should have the right to develop proof of ineffective assistance in a further record in postconviction proceedings, or that an attorney charged with rendering ineffective assistance should have his or her day in court before the issue is resolved. *See, e.g., State v. Steltzer,* 288 N.W.2d 557, 560 (Iowa 1980); *State v. Wil-*

---

1. Iowa Code section 663A.8 provides in relevant part: Any ground ... not raised ... in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised ....

*liams,* 285 N.W.2d 248, 271 (Iowa 1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1859, 64 L.Ed.2d 277 (1980); *State v. Coil,* 264 N.W.2d 293, 296 (Iowa 1978).[2] We have never held, however, that a defendant on direct appeal should not disclose the grounds, or describe the situations, that support his claim of ineffective assistance. Our statement in *State v. Williams,* 334 N.W.2d 742, 746 (Iowa 1983), that "defendant is not precluded from urging additional grounds of ineffective assistance of counsel if those grounds depend on the opportunity to make an additional record in postconviction proceedings" must be read in the context of defendant's brief in that case, which described in detail the nature of the other instances of claimed ineffective assistance defendant proposed to pursue in postconviction proceedings.

■ We should note that ineffective assistance of appellate counsel will provide "sufficient reason" to permit the issue of ineffective trial counsel to be raised for the first time in a postconviction proceeding. *Sims v. State,* 295 N.W.2d 420, 422–23 (Iowa 1980).

■ The showing made here by defendant is inadequate to support a holding that the issue of ineffective assistance should be reserved for determination in postconviction proceedings. *See* Iowa R.App.P. 14(a)(4) (statement of the case in a brief "shall ... recite the facts relevant to the issues presented for review"). With the exception of the instance of alleged ineffective assistance we have resolved above, we hold no claim of ineffective assistance of counsel has been presented to this court. The postconviction court will decide if defendant has carried his burden to show a sufficient reason for not pursuing the issue on this appeal. *Sims,* 295 N.W.2d at 422; *Watson v. State,* 294 N.W.2d 555, 556 (Iowa 1980).

---

**2.** We recently noted, and again suggest, that Iowa Rule of Appellate Procedure 12(g) provides a useful tool for developing a record adequate for us to decide on direct appeal claims that counsel was ineffective. We encourage those who raise that issue to request a limited remand when they can show that during the normal appeal time they can develop an evidentiary record that will allow us to review and decide the ineffectiveness issue without reserving it for postconviction proceedings. *See State v. Nelson,* 329 N.W.2d 643, 647 (Iowa 1983).

II. Defendant requests that his case be remanded for resentencing because he was given a determinate sentence of ten years although the Iowa Code provides for an indeterminate sentence not to exceed ten years.

Defendant was convicted of sexual abuse in the third degree, a class "C" felony. Iowa Code section 902.3 mandates that the court commit all convicted criminal defendants, except class "A" felons, for an indeterminate term. In the case of class "C" felonies this term is not to exceed ten years. Iowa Code § 902.9(3) (1983).

At sentencing, the court stated:

If there is nothing further, it will be the judgment and sentence of the Court that the defendant, Donald O. White, having been found guilty of violating Section 709.4(4) of the Iowa Code is hereby sentenced under provisions of Section 902.9 of the Iowa Code and is committed to the custody of the Director, Division of Adult Corrections, State of Iowa, for a term of 10 years.

The written order pronouncing defendant's sentence stated:

THEREFORE, IT IS THE JUDGMENT AND SENTENCE of the Court that the defendant, Donald O. White, having been found guilty of violating Section 709.4(4) of the Iowa Code is hereby sentenced *under provisions of Section 902.9 of the Iowa Code* and is committed to the custody of the Director, Division of Adult Corrections, State of Iowa, *for a term of 10 years.*

(Emphasis added.)

The State suggests the case be remanded to district court in accordance with the procedure directed in *State v. Suchanek,* 326 N.W.2d 263, 265–66 (Iowa 1982). That case presented a more complicated situation in-

volving two different judges, a violation of probation and a resulting sentencing agreement.

 In the circumstances of this case, we hold it is proper to exercise our Iowa Code section 814.20 authority to modify the district court judgment, in order to make it comply with applicable statutes. *Bernklau v. Bennett*, 162 N.W.2d 432, 437 (Iowa 1968); *State v. Sayles*, 173 Iowa 374, 383, 155 N.W. 837, 840 (1916); *see State v. Young*, 292 N.W.2d 432, 435 (Iowa 1980). Defendant's sentence is modified to provide that he shall serve a term not to exceed ten years. As modified, we affirm the district court judgment.

AFFIRMED AS MODIFIED.