**STATE of Iowa, Appellee,**

v.

**Allen Curtis MILES, Appellant.**

**No. 69043.**

Supreme Court of Iowa.

Feb. 15, 1984.

James P. Cleary, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen. and James A. Smith, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and WOLLE, JJ.

McCORMICK, Justice.

Defendant Allen Curtis Miles appeals from his conviction by jury and sentence for first-degree murder as defined in Iowa Code sections 707.1 and 707.2 (1981). The case was submitted against him on alternative theories of premeditated murder and felony murder. He contends the evidence of the felony was insufficient for submission of felony murder, the court erred in instructing on felony murder, he was entitled to a new trial based on newly discovered evidence, and his trial attorney was ineffective in several respects. We affirm the trial court.

The State accused defendant of murdering Cheryl Kleinschrodt on March 3, 1982, in Des Moines. The State's evidence showed that Cheryl was referred to defendant by Job Service as a prospective employee in a business he said he was establishing. They met at a Des Moines restaurant, and Cheryl agreed to accompany defendant to Indianola while he gave a friend a ride home. On the way back to Des Moines from Indianola defendant stopped near a gravel pit. Cheryl's body was found there three days later, her death having been caused by multiple knife wounds. Defendant returned home after his meeting with Cheryl with cuts on his face and hand.

The State's theory was that defendant murdered Cheryl during the course of a robbery. Evidence was adduced to show that the owner of the car driven by defendant kept a knife in a sheath on the driver's side of the car, and defendant knew about it. Only the sheath was later recovered. Blood of Cheryl's type was found on the driver's side of the car.

When questioned by police after the homicide, defendant told various stories. At first he denied having met Cheryl on that date. Eventually he acknowledged he had met her and had driven her to the gravel pit for an interview. He asserted that she pulled a pair of scissors from her

purse and attacked him, that he took the scissors away from her, and that he then shoved her out of the car and drove away. He denied robbing or killing Cheryl. Defendant's testimony at trial was essentially consistent with the last version he gave the police. Although defendant testified he placed the scissors on a shelf in his friend's home after the incident, other witnesses said those scissors had been there before the homicide. The medical examiner said Cheryl's wounds were inflicted with a knife and not scissors.

■ I. *Sufficiency of evidence of robbery.* Defendant moved unsuccessfully for a directed verdict on the State's felony-murder theory, alleging the evidence of robbery was insufficient for jury consideration. The trial court acknowledged the evidence was circumstantial but noted it showed Cheryl had a purse prior to the homicide that was missing afterward. The evidence also showed the victim's keys which had been in her purse were under the driver's seat of the car driven by defendant. Other evidence would support finding defendant needed money. Reviewing the whole record in accordance with the standard in *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981), we agree with the ruling of the trial court.

■ II. *The felony-murder instruction.* Defendant contends the trial court erred in omitting the element of malice aforethought from the elements of felony murder in the instruction marshalling the elements of that offense. The instruction was erroneous because it did not inform the jury of the necessity that the State prove defendant murdered rather than merely stabbed to death the victim in the perpetration of a robbery in order to be convicted of first-degree murder on the felony-murder theory. *See State v. Galloway*, 275 N.W.2d 736, 737–38 (Iowa 1979).

■ The problem, however, is that defendant did not preserve error. At trial defense counsel objected only to submission of first-degree murder on the premeditation theory because of insufficient evidence of premeditation and deliberation and to submission of felony murder because of insufficient evidence of robbery. Having failed to alert the trial court to his present contention by appropriate objection, defendant is precluded from relying on it now. *See State v. LeCompte*, 327 N.W.2d 221, 223 (Iowa 1982). We do not have a plain error rule.

■ III. *Newly discovered evidence.* Among other grounds urged in his motion for new trial, defendant alleged he had discovered new evidence after his conviction. The new evidence consisted of testimony that the owner of the knife believed by the State to have been used by defendant in the murder had a knife on the dashboard of his .pickup sometime after the offense. This knife, however, did not match the description of the knife that the owner had kept in the car used by defendant, and it was not unusual for the individual to keep fishing knives in his vehicle. The owner had testified at trial that the knife he kept in the car used by defendant was missing after the homicide.

In overruling the motion for new trial, the trial court held that the alleged new evidence would not probably change the result if a new trial were granted. *See State v. Gilroy*, 313 N.W.2d 513, 521–22 (Iowa 1981). We find no abuse of discretion in the court's ruling.

■ IV. *Ineffective assistance of counsel.* As an alternative argument on his contention that the court erred in its marshalling instruction on the elements of felony murder, defendant alleges his trial attorney was ineffective in failing to preserve error on the issue. We have recognized that in some circumstances a mistake in failing to preserve error may be sufficiently egregious to deny a defendant his right to the effective assistance of counsel under the sixth amendment of the United States Constitution. *See Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981). We have also said that when a defendant relies on a specific act or omission to prove such a claim, two conditions must be demonstrated: "It must be shown that (1) coun-

sel failed to perform an essential duty, and (2) prejudice resulted therefrom." *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981).

■ Despite the flood of cases in recent years in which ineffective assistance of counsel has been alleged, we have found the requisite breach of duty and prejudice in only a handful of cases. *See State v. Goff*, 342 N.W.2d 830 (Iowa 1983) (failure to object to marshalling instruction in kidnapping case omitting specific intent element); *Meier v. State*, 337 N.W.2d 204 (Iowa 1983) (misadvice concerning mandatory minimum sentence prior to guilty plea); *State v. Hrbek*, 336 N.W.2d 431 (Iowa 1983) (failure to object to inculpatory statements on voluntariness grounds); *State v. Schoelerman*, 315 N.W.2d 67 (Iowa 1982) (failure to raise mischarging issue); *State v. Hendren*, 311 N.W.2d 61 (Iowa 1981) (failure to participate actively in trial after defendant absented himself).

The standard for determining whether defendant has proved counsel's breach of an essential duty has been explained in several cases, including *Sims v. State*, 295 N.W.2d 420, 422–23 (Iowa 1980), and *Hinkle v. State*, 290 N.W.2d 28, 30–31 (Iowa 1980). We have not, however, explained the standard for determining whether the defendant has demonstrated the requisite prejudice. In *Goff* we noted that the issue of specific intent was vital to the defense and not covered separately in the instructions. 342 N.W.2d at 837. In *Meier* we observed that the defendant relied on his lawyer's misadvice in waiving trial and pleading guilty. 337 N.W.2d at 206. In *Hrbek* we characterized the dereliction as "materially prejudicing the defense." 336 N.W.2d at 436. In *Schoelerman* the omission resulted in conviction of a felony carrying a maximum of ten years' imprisonment rather than a misdemeanor punishable by 30 days in jail or a $100 fine. 315 N.W.2d at 70. In *Hendren* the conduct was equated with denial of the right to make a defense. 311 N.W.2d at 63. We believe we should now define the prejudice standard that is implicit in these holdings.

We find that the standard is analogous to the prejudice concept employed in the "cause and prejudice" standard adopted by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under that standard a convicted person who seeks collateral relief in federal court for alleged state trial errors on which error was not preserved must establish cause to excuse the procedural default and prejudice from the errors. The applicable test for prejudice was defined in *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816, 832 (1982), as requiring the prisoner to demonstrate that the error created not only "a *possibility* of prejudice, but that [it] worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original). Prejudice thus cannot be found unless the error constitutes a denial of the accused's due process right to a fair trial, a fundamental miscarriage of justice, or an equivalent constitutional deprivation.

■ This standard was adopted for ineffective assistance of counsel claims in *Washington v. Strickland*, 693 F.2d 1243, 1262 (5th Cir.1982), *cert. granted*, — U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983), *Pickens v. Lockhart*, 714 F.2d 1455, 1461, 1463 (8th Cir.1983), and *Stanley v. Zant*, 697 F.2d 955, 958 (11th Cir.1983). *Cf. United States v. Tucker*, 716 F.2d 576, 589–92 (9th Cir.1983) (summarizing standards employed in the federal courts of appeals). The court in *Washington* explained its application of the *Frady* standard as follows:

The test for prejudice in *Frady* suggests the proper allocation of the burden of proof on the issue of prejudice. In order to sustain that burden, the petitioner must show that ineffectiveness of counsel resulted in actual and substantial disadvantage to the course of his defense. This burden is of sufficient magnitude to discourage the filing of insubstantial claims and to focus the attention of the district court on the actual harm suffered by the petitioner as a result of

his counsel's performance. At the same time, the burden does not require the petitioner to produce evidence to which he is unlikely to have access. It also properly reserves for the state the ultimate burden of showing that any constitutional error that did occur was harmless beyond a reasonable doubt. Thus, even if the defense suffered actual and substantial disadvantage, the state may show in the context of *all* the evidence that it remains certain beyond a reasonable doubt that the outcome of the proceedings would not have been altered but for the ineffectiveness of counsel.

(Emphasis in original.) 693 F.2d at 1262.

This court approved the *Frady* prejudice standard for post-conviction collateral attacks on instructions in *Fryer v. State*, 325 N.W.2d 400, 412 (Iowa 1983). We now follow the example of the fifth, eighth, and eleventh federal circuits and adopt that standard, as articulated in *Washington*, for ineffective assistance of counsel claims.

■ In the present case, we find that defendant has not demonstrated the requisite prejudice. Two factors militate against a finding of prejudice. One factor is the giving of a separate instruction in which the jury was correctly informed that malice aforethought is an element of murder and murder must be proved before participation in a felony can enhance the offense to first-degree murder. *See Pickens*, 714 F.2d 1463–65. Another factor is that malice aforethought was not a fighting issue in the case. No one questioned that the victim was murdered. The fatal knife wounds were inflicted in her back. The State sought to show that defendant was the perpetrator and that the offense was first-degree murder on either of its alternative theories. Defendant's theory of defense was that he was not the perpetrator and that, in any event, the evidence against him would not support enhancing the offense to first-degree murder because of the insufficiency of evidence of premeditation and deliberation and robbery.

These two factors were not present in *Goff* and bring this case closer to the circumstances in *State v. Blackford*, 335 N.W.2d 173 (Iowa 1983), where an ineffective assistance of counsel claim was rejected. The claim there was based on counsel's failure to object to omission of the general criminal intent element from the marshalling instruction on a sexual abuse charge. The element was the subject of a separate instruction, like malice aforethought in the present case. Because intent was not a fighting issue in the case, the court concluded the instructional error was of little significance to the defense. *Id.* at 178. Although the question here is closer, we reach the same conclusion concerning malice aforethought in this case.

We find defendant failed to prove that the erroneous instruction put him to an actual and substantial disadvantage of constitutional magnitude. Therefore he is not entitled to relief on his claim of ineffective assistance of counsel on that ground.

Defendant makes several assertions of ineffective assistance of counsel in other respects, seeking to reserve these claims for postconviction action pursuant to this court's holding in *State v. White*, 337 N.W.2d 517 (Iowa 1983). His articulation of the nature of possible additional claims meets the requirement of *White* that this court on direct appeal "be provided at a minimum with enough information to make an initial assessment of defendant's contentions." *Id.* at 519. Based on that assessment, we find that those contentions cannot be decided on the present record.

We find no reversible error.

AFFIRMED.