# IN THE COURT OF APPEALS OF IOWA

No. 17-0175
Filed March 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARC ASHLEY MCCANN,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.


A defendant appeals his conviction for possession with intent to deliver raising evidentiary issues and claims of ineffective assistance of counsel. **AFFIRMED.**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Marc McCann appeals his conviction for possession of a controlled substance—methamphetamine—with intent to deliver, as a second or subsequent offender. *See* Iowa Code §§ 124.401(1)(c)(6), .411, .413 (2016). He raises a number of claims on appeal including: (1) the court erred in overruling his objection to testimony he believed constituted speculation; (2) the court erred in permitting an officer to comment on his refusal to answer questions during his interrogation; (3) the court erred in permitting the trial to go forward in his absence; and (4) the evidence was insufficient to support his conviction. Because we find the evidence was sufficient and no error at law occurred, we affirm McCann's conviction.

**I. Background Facts and Proceedings.**

While attempting to effectuate civil service of process, Story City Police Officer Dustin Demarest smelled marijuana emanating from a trailer. When the occupant of the trailer, Kyle Borton, opened the door, the smell intensified. Officer Demarest later obtained a search warrant and returned to the trailer the following day. At that time, Borton and his girlfriend were present in the trailer, along with McCann, who owned the trailer, and McCann's girlfriend. When police entered the trailer, Borton's girlfriend fled from the living room to the bathroom. McCann was located in the bathroom standing over the toilet, and his girlfriend was standing in the bathroom by the vanity.

During the search of the trailer, officers located drug paraphernalia in the bedroom along with McCann's belongings. Shortly after the search began, McCann asked to use the toilet. Officers first searched the bathroom and located

baggies containing methamphetamine in the toilet bowl. McCann was charged with possession with intent to deliver.

The case proceeded to a jury trial in December 2016, and the jury returned a guilty verdict. After denying the posttrial motions, the district court sentenced McCann to ten years in prison with a one-third mandatory minimum term. The court, however, decided not to enhance the sentence under section 124.411. McCann appeals.

## II. Scope and Standard of Review.

We review the district court's evidentiary rulings regarding the admission of opinion testimony for an abuse of discretion. *State v. Kinsel*, 545 N.W.2d 885, 889 (Iowa Ct. App. 1996) ("[A] manifest abuse of discretion must be found before we will interfere with a trial court's ruling on the admissibility of opinion testimony."). We review de novo McCann's claims that implicate his constitutional rights to the effective assistance of counsel and the right to be present for trial. *See Nguyen v. State*, 707 N.W.2d 317, 323 (Iowa 2005) (noting standard of review for claims of ineffective assistance of counsel); *State v. Hendren*, 311 N.W.2d 61, 62 (Iowa 1981) (noting the right to be present for trial is a constitutional right and we review de novo the facts to determine whether the defendant's absence from trial is voluntary). Finally, we review for correction of errors at law McCann's challenge to the sufficiency of the evidence. *See State v. Ortiz*, 905 N.W.2d 174, 179 (Iowa 2017).

## III. Speculation Objection.

McCann first claims the court should not have permitted Officer Demarest to testify regarding McCann's knowledge of the other drugs found in the trailer. He

asserts such information was outside Officer Demarest's knowledge because the officer had no way to look inside his mind. He asserts his attorney's "speculation" objection should have been sustained.

During the redirect examination of Officer Demarest, the prosecutor asked:

> Q. You stated just previously that the main reason that you felt the defendant was in possession of the drugs is because of his proximity to the toilet. Anything else that led you to believe that these were the defendant's drugs? A. Well, all of the paraphernalia and all of the other stuff that I found in the bedroom. All of the spent needles and spoons and cotton swabs.
> Q. You said that the others in your opinion knew about the drugs? A. (No audible response was given by the witness.)
> Q. Is that in your opinion? A. Yes, that's my opinion.
> Q. So is it fair to say that if there were other drugs found, that the defendant would have known about those in your opinion?
> [Defense Counsel]: Objection. Calls for speculation.
> The Court: Overruled. You may answer the question.
> [Officer Demarest]: Would you ask it again?
> [The Prosecutor]: Madam Reporter, would you read that back?
> (At this time the court reporter read back the following question: "So is it fair to say that if there were other drugs found, that the defendant would have known about those in your opinion?")
> A. Yes.

On appeal, the State asserts the question and answer were proper under Iowa Rule of Evidence 5.701, which provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> a. Rationally based on the witness's perception;
> b. Helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> c. Not based on scientific, technical, or other specialized knowledge within the scope of rule 5.702.

Here, the question addressed Officer Demarest's perception of the location of the drugs and paraphernalia within the trailer and whether those objects were readily observable by McCann. *See Kinsel*, 545 N.W.2d at 889 (noting "[t]he

opinions were largely fact-based, and focused on the ability to observe" and thus properly admitted).  We thus conclude rule 5.701 applies and the court did not manifestly abuse its discretion in admitting this testimony over defense counsel's objection.

**IV.  Comment on Silence.**

Next, McCann asserts another officer, Officer Emory Ochoa, was permitted to comment improperly on his refusal to answer questions upon his arrest.  *See State v. Metz*, 636 N.W.2d 94, 97 (Iowa 2001) (analyzing *Doyle v. Ohio*, 426 U.S. 610 (1976) to hold "the Fifth Amendment guaranty against self-incrimination prohibits impeachment on the basis of a criminal defendant's silence after receipt of *Miranda* warnings").

During Officer Ochoa's direct examination, the prosecutor asked:

> Q. Before all of that, did you have any other conversations with the defendant?  A. Yes.  I attempted to interview him.
>     Q. Did you ask him about the cash?  A. Yes.  He was read the *Miranda* warnings.  After that, I attempted to question him about the methamphetamine that was located in his trailer.  He said he didn't know what I was talking about and didn't want to talk about it.  At that point I didn't ask him any more questions about the drugs.  Later when I realized the money had been located in the trailer, I asked him about the money, to which he told me that he was just holding on to it for his girlfriend . . . .

McCann acknowledges no objection was made to the officer's answer, and thus, the issue is not preserved for appeal.  *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)).  However, he asks that we consider this issue through the lens of a claim of ineffective assistance of counsel.  *See State v.*

*Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) ("Ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules."). To prove a claim of ineffective assistance of counsel, McCann must prove by a preponderance of the evidence counsel breached an essential duty in failing to object to Officer Ochoa's answer and counsel's failure resulted in prejudice that denied him a fair trial. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015).

Assuming, without deciding, counsel should have objected to the unsolicited answer by Officer Ochoa regarding McCann's refusal to answer questions about the drugs found, we conclude McCann cannot demonstrate he was prejudiced by counsel's failure. *See State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015) (noting a defendant must prove both elements of an ineffective-assistance claim to prevail and the claim can be resolved under either prong). To show prejudice, McCann must demonstrate "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Halverson*, 857 N.W.2d at 639 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Even assuming the court would have stricken the officer's answer and told the jury to disregard the testimony upon counsel's timely objection, our confidence in the outcome is not undermined by the admission of Officer Ochoa's testimony. *See State v. Graves*, 668 N.W.2d 860, 882 (Iowa 2003) (noting a defendant needs to show "the probability of a different result is 'sufficient to undermine confidence in the outcome'" (quoting *Strickland*, 466 U.S. at 694)). Because McCann cannot prove the result of his trial would have been different had this testimony not been admitted, we conclude McCann failed to prove his ineffective-assistance claim.

## V. Defendant's Absence.

McCann also challenges the court's decision to proceed with testimony in his absence on the second day of trial. The State asserts McCann's claim was not preserved. When McCann did not appear from the second day of trial, the following discussion occurred between the court, the prosecutor, and defense counsel:

> The Court: Okay. The major [hiccup] in the trial is the fact that the defendant has failed to appear. It is now about 9:23 and the defense attorney has tried to contact various people by phone and has no record about him. And, [defense counsel], what I'm looking at is a rule that requires essentially the voluntary absence of the defendant once the trial has been commenced; and if you want to make any record on that?
>
> [Defense Counsel]: Thank you, Your Honor. May it please the Court and Counsel. Your Honor, I called the halls three times up here in District Court and three times on the first floor and Mr. Marc McCann is not here.
>
> The Court: Okay. Thank you.
>
> [Defense Counsel]: Your Honor, I don't know why he's not here. I was at my office this morning. If he left a message on my machine, I didn't listen to any of them because I was concentrating on preparing for trial today. But I told Mr. McCann to be here tomorrow—or today at 8:45, and I was here at 8:45; and I'm still here, I think, and Mr. McCann is not. I have no reason why. No one, when I called about five minutes ago, was at my office yet. My secretary comes in between 9:00 and 9:30 depending on kids, mail, whatever. So I have no idea if he has called in since then. And I will call again before the jury is brought in. Well, whenever you give me leave, I guess; and we'll just go from there. But I agree reluctantly the rules appear to allow the continuation of the trial without the jury—without the defendant being present.
>
> The Court: All right. Thank you. [Prosecutor], any record you want to make?
>
> [Prosecutor]: Just that the State would request that we continue on with the trial at this time given the scheduling difficulties with our next witness.
>
> The Court: All right. Very well. Okay. I think the rule is clear that what this amounts to is a voluntary absence. Defendant was here yesterday. I told counsel—I believe I told them either on the record or separately—that I would see them at nine o'clock in the

morning. We have heard nothing from the defendant. So we will proceed with the trial with the defendant not being present.

More than an hour later, after the State had completed its case-in-chief, defense counsel made a motion to continue or, in the alternative, a motion for a mistrial.

> [Defense Counsel]: Yes, Your Honor. I would move either for a motion to continue or a mistrial. The defendant is not present. That much is obvious. I think there is a question of whether or not it is voluntary. I've had no contact with the defendant. He has not left a message on my answering machine or with my secretary who I trust implicitly. The number I have for him does not work. But I don't—he was feeling fairly confident about this hearing as I was. And I don't know that he is involuntarily or is voluntarily absent. Without—you know, to determine the facts and circumstance this could be involuntary. And so I would ask either a motion to continue to determine the status of the defendant or for a mistrial since he cannot be here, not knowing if it's involuntary or not to present evidence on his own behalf. So I'm going to ask for one of those two in the alternative.
>
> The Court: Thank you. Any response by the State?
>
> [Prosecutor]: Thank you, Your Honor. The defense and I think the court in this case has relied heavily on the [Iowa] Rule of Criminal Procedure 2.27(2) which talks about continuing the case where the defendant is not personally present after he had already appeared for the initial part of the trial. And in looking at that rule, it does require that his absence be involuntary—or I'm sorry—voluntary; and there's no evidence that we have today that suggests it wasn't voluntary or involuntary. However, the remedy is not a mistrial. The remedy would be to recess until such time as that could be ascertained and then we would reconvene with the same jury, same evidence, and have the jury deliberate at that time if there's any evidence presented by the defendant. For those reasons we ask that the mistrial motion be denied. Furthermore, we believe that based on the rule, the case can proceed to conclusion without the presence of the defendant. Nothing precludes his witnesses from showing up today even if he can't; and given that there are other people that he's been in contact with that should have come to testify, not a single one of them has contacted the court or the defense to say that they are not coming or cannot come or why they aren't here. I think it's fair to presume that it's voluntary at this point.
>
> The Court: Well, I'm going to overrule the two motions. Based on the evidence presented here, the defendant was here yesterday. At the close of evidence he was informed that the trial would

commence at nine o'clock. He was informed by his attorney to be here at quarter to nine o'clock and he has failed to do so. I've had the clerk—or the court attendant call the halls. She's called the halls both upstairs and downstairs. The defendant has not been located. And for all those reasons, I think that the state of the record is such that I will not grant either a continuance or the mistrial at this time.

After reading a stipulation to the jury, the State rested and defense counsel indicated he had no further evidence to offer. The jury was dismissed for lunch, and upon the jury's return, McCann appeared at trial. The court addressed McCann:

> Mr. McCann, you failed to appear at the commencement of the second day of trial. The court elected with the consent of counsel— there is a rule that says if you fail to appear after commencement of trial, we proceed without you. We did do that and you're aware of that?
>
> McCann: Yes, I am.

No further record was made as to the reason for his absence from the morning session. The court did permit the defense to reopen the record to admit testimony from two witnesses, who, like the defendant, were absent during the morning session.

Bypassing any error-preservation concerns due to defense counsel's initial agreement to proceed with the trial in McCann's absence,[1] we conclude the court properly overruled the motion for a continuance and motion for mistrial. The right to be present at trial can be waived by voluntary absence. *Hendren*, 311 N.W.2d at 62. "[F]or the absence to be deemed voluntary, the defendant 'must be aware

---

[1] *See State v. Foster*, 318 N.W.2d 176, 178 (Iowa 1982) ("We have held, however, that if a defendant's presence is required at a particular stage of the proceedings, that right may not be waived by defense counsel."); *see also State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (choosing to pass over "serious preservation-of-error problems" and address the merits of the claim).

of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away.'" *Id.* (quoting *Cureton v. United States*, 396 F.2d 671, 676 (D.C. Cir. 1968)). The record here is clear that McCann was present the first day of trial and knew of his obligation to return for the second day no later than 9:00 a.m. He did not contact his attorney or the court to explain his absence. Even when he returned after lunch on the second day, no explanation was offered on the record as to why we was absent.

Because he offered no sound reason for being away from trial the second morning, we conclude he was voluntarily absent. When faced with such a situation, the district court has discretion to proceed with trial in the defendant's absence, *see id.*, and we find no abuse of discretion in the district court doing so here.

## VI. Sufficiency of the Evidence.

Finally, McCann asserts the evidence was insufficient to support his conviction for possession with intent to deliver. A jury verdict will be upheld if substantial evidence supports it. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). "Evidence is substantial when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt." *Id.* We consider all the evidence, but the evidence is viewed in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)). "Direct and circumstantial evidence are equally probative." *State v. Huser*, 894 N.W.2d 472, 491 (Iowa 2017).

It is unclear in his appellate brief what elements of the crime McCann asserts are unsupported by the record. The jurors were instructed to find McCann guilty of possession with intent to deliver they had to find:

> 1. On or about the 5th day of February, 2016, the defendant possessed methamphetamine.
> 2. The defendant knew that the substance he possessed was methamphetamine.
> 3. The defendant possessed the methamphetamine with the intent to deliver the methamphetamine.

The evidence at trial established McCann owned the trailer and was standing in the bathroom over the toilet where baggies of methamphetamine were located. Within a few minutes of being ordered out of the bathroom but before the officers discovered the methamphetamine, McCann asked to return to the bathroom. It can reasonably be inferred that McCann knew the methamphetamine was there and he was seeking to return to the bathroom to conceal or dispose of the methamphetamine. Also found in the trailer were syringes, drug paraphernalia, small plastic bags, small digital scales, and currency in $20.00 denominations. Testimony during trial established some of those items were indicative of a person selling methamphetamine or other illegal drugs.

McCann offered testimony of his girlfriend and girlfriend's mother that he had moved out of the trailer in the weeks before the search, but officers located his clothes and identification in the bedroom, and when the officers entered the trailer, he was standing over the toilet where the bags of methamphetamine were found. We conclude there was substantial evidence to support the jury's conclusion that McCann possessed methamphetamine, he knew it was methamphetamine, and he possessed it with the intent to deliver.

**VII. Conclusion.**

We conclude the court did not abuse its discretion in admitting layperson opinion testimony, and McCann cannot prove he suffered prejudiced due to his counsel's failure to object to testimony McCann claims commented on his right to remain silent. In addition, the facts established McCann voluntarily absented himself from trial, and the court did not abuse its discretion in proceeding with the trial in his absence. Finally, substantial evidence supports the jury's guilty verdict. We therefore affirm McCann's conviction.

**AFFIRMED.**