# IN THE COURT OF APPEALS OF IOWA

No. 19-0161
Filed May 13, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY D. BELL SR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

A defendant appeals from convictions for violations related to the sex offender registry. **AFFIRMED.**

Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

A defendant appeals from his conviction on two counts of sex-offender-registry violations. We find his rule-based claims to be unpreserved. We find the record insufficient to consider the ineffective-assistance-of-counsel claims raised in appellate counsel's brief and in the defendant's supplemental pro se brief with one narrow exception, and we preserve those claims for possible future postconviction proceedings. We reject the abuse-of-discretion issue raised in the pro se brief. The convictions are affirmed.

## I. Background Facts and Proceedings

Larry Bell Sr. was required to register as a sex offender following a conviction for indecent exposure. He was released from custody on March 29, 2016. On April 4, he checked in with the office of the Scott County Sheriff and misrepresented his address. The same day, he called his parole officer and gave a different address that was also inaccurate.

The State charged Bell with two counts of failure to comply with sex offender registry requirements, second or subsequent offense, and one count of failure to appear. Additionally, the State sought a habitual-offender enhancement based on Bell's prior felony convictions in Minnesota. After a lengthy pre-trial process, the matter proceeded to trial. The trial for the failure-to-appear count was bifurcated, and that charge was later dismissed.

On the Friday before trial, defense counsel traveled to the jail to meet with Bell. Bell refused to meet with counsel. On the Monday morning of trial, trial counsel again attempted to meet with Bell but was informed by an officer on the cellblock where Bell was incarcerated that Bell was refusing to meet with him and

that Bell refused to attend trial. Also on the morning of trial, Bell filed a document captioned "Lack of evidence for defense. Ineffective asst. of counsel." In that filing, Bell alleged various deficiencies on the part of his trial counsel, including that counsel failed to communicate with him sufficiently and failed to investigate evidence.

The parties discussed Bell's absence on the record and, with the assistance of counsel, the court issued an order, which was personally served on the defendant. In relevant part, the order stated:

> The law provides Defendant has a constitutional and statutory right to be present in every stage of trial. *State v. Smith*, 573 N.W.2d 14, 19 (Iowa 1977). A defendant, however, may voluntarily waive this constitutional right. *See State v. Mensah*, 424 N.W.2d 453, 455 (Iowa 1988).
> The Court finds that it is not appropriate to compel Defendant's attendance at trial by force. It is further found that sufficient efforts have been made to communicate with Defendant as to his right to appear. In light of Defendant's handwritten statement, the Court further finds Defendant's absence at this time is being done knowingly and voluntarily, and no accommodation is available, therefore, the trial will proceed without the attendance of the defendant.
> The defendant is advised that he may change his mind and attend the trial at any time. The defendant and the jail are advised to immediately advise defense counsel of a request to attend trial by phoning [phone number] and proceedings will be halted until Defendant is in attendance. Defendant is further advised that he may contact his attorney to receive an update on the course of proceedings and counsel shall do so at the next available break. The sheriff shall serve a copy of this order upon Defendant and make a return of service thereafter.

Trial counsel met with the defendant on the second day of trial to give him an update. Bell again declined to participate in the trial on that day. The jury convicted Bell on both counts of sex-offender-registry violations. The court then proceeded to trial on the issue of Bell's identity for purposes of establishing

previous sex-offender-registry violations.  The jury found Bell had committed three prior felonies.

At sentencing, which Bell attended, the court applied the habitual-offender sentencing enhancement to both counts and sentenced Bell on each count to an indeterminate term of fifteen years with a three-year minimum.  The court determined the sentences would run concurrently.  Bell timely appealed.

## II. Standard of Review

"We review ineffective-assistance-of-counsel claims de novo."  *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).  We review de novo a court's determination that a defendant voluntarily waived his or her constitutional right to be present at trial.  *State v. Hendren*, 311 N.W.2d 61, 62 (Iowa 1981).  We review claims under the rules of criminal procedure for correction of errors at law.  *State v. Bruce*, 795 N.W.2d 1, 2 (Iowa 2011).  "We review a court's decision to recuse or not to recuse itself for an abuse of discretion."  *Taylor v. State*, 632 N.W.2d 891, 893 (Iowa 2001).

## III. Discussion

Bell makes three arguments on appeal.  First, he argues the trial court erred in accepting the defendant's waiver of his presence at trial.  Second, he argues the court applied the incorrect legal standard when it accepted the defendant's waiver of presence at trial as being made under a "knowing and voluntary" standard instead of the proper standard of "knowing, intelligent, and voluntary."  Third, he argues he received ineffective assistance of counsel due to counsel's failure to correct these alleged defects.  Bell filed a supplemental pro se brief, which makes further ineffective-assistance-of-counsel claims and also alleges the trial court

abused its discretion in failing to recuse itself upon request and in failing to allow a withdrawal of trial counsel.[1]

A. Error Preservation

The State argues that Bell failed to preserve the following claims: (1) the court applied an incorrect legal standard in accepting his waiver and (2) even if the court applied the correct legal standard, his waiver was not knowing, intelligent, and voluntary. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We will not fault the trial court for failing to rule on an issue not raised below. *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). We have previously held that an attorney's failure to object to proceeding in the client's absence can constitute a failure to preserve error on that issue. *State v. Cooper*, No. 99-1405, 2000 WL 1675702, at *5–6 (Iowa Ct. App. Nov. 8, 2000). Bell's counsel objected to neither the court's statement of the standard nor the application of the standard to his client's waiver. We disagree with Bell's contention that error was preserved by way of the trial

---

[1] We consider the pro se brief as part of Bell's appeal because this matter was already pending when Iowa Code section 814.6A (2019) took effect on July 1, 2019. *See State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019) (extending the holding of *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019), to Iowa Code section 814.6A).

court's ruling on Bell's waiver of presence. Thus, we agree these arguments are unpreserved.

B. Ineffective Assistance of Counsel

Bell's pro se brief and the brief filed by Bell's appellate counsel both argue Bell received ineffective assistance of counsel. Appellate counsel argues Bell's trial counsel was ineffective for failing to object to the court's acceptance of Bell's waiver of presence, failing to file a motion for a new trial,[2] and failing to object to the court's omission of the word "intelligent" from the "knowing, intelligent, and voluntary" standard. In the pro se brief, Bell argues he received insufficient communication from both his trial and appellate counsel and alleges insufficient communication led to ineffective assistance of counsel. He supports his ineffective-assistance claim by complaining of his trial counsel's failure to introduce certain exhibits and failure to make a Fourth Amendment argument. He further complains about representation in prior criminal matters and asserts he has received "cumulative" ineffective assistance of counsel concerning several matters.

To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014). The defendant "must prove both elements by a preponderance of the evidence." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa

---

[2] Contrary to this argument, defense counsel filed a motion for a new trial. Bell also filed numerous pro se motions requesting a new trial. The motions were addressed by the court prior to sentencing.

2006). "We normally preserve ineffective-assistance-of-counsel claims for postconviction relief actions." *State v. Wills*, 696 N.W.2d 20, 22 (Iowa 2005). This allows for "full development of the facts surrounding counsel's conduct." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). "Only in rare cases will the trial record alone be sufficient to resolve the claim." *Id.*; *see also State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) ("[W]e preserve such claims for postconviction relief proceedings, where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims.").

With one narrow exception, we preserve the ineffective-assistance-of-counsel claims raised in both Bell's pro se brief and his appellate counsel's brief to allow for further development of the record.

i.    Permissibility of Waiver

Bell's appellate counsel points out that Iowa Rule of Criminal Procedure 2.27[3] contains language requiring a defendant's presence at the beginning of trial.

---

[3] Iowa Rule of Criminal Procedure 2.27 provides as follows:

> (1)  In felony cases the defendant shall be present personally or by interactive audiovisual closed circuit system at the initial appearance, arraignment and plea, unless a written arraignment form as provided in rule 2.8(1) is filed, and pretrial proceedings, and shall be personally present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. In other cases the defendant may appear by counsel.
>
> (2) In all cases, the progress of the trial or any other proceeding shall not be prevented whenever a defendant, initially present:
>
> a. Is voluntarily absent after the trial or other proceeding has commenced.
>
> b. Engages in conduct justifying exclusion from the courtroom.

In relevant part, the rule provides, "the defendant . . . *shall* be personally present at every stage of the trial . . . except as otherwise provided by this rule" and "the progress of a trial shall not be prevented whenever a defendant, initially present . . . is voluntarily absent *after the trial . . . has commenced*."  Iowa R. Crim. P 2.27(3) (emphasis added).  The Iowa Supreme Court has held that a defendant's right to be present at trial can be waived; however, its decisions have come in the context of defendants who were present at a trial's beginning and then subsequently failed to reappear after the trial was underway.  *State v. Randle*, 603 N.W.2d 91, 92 (Iowa 1999), *disavowed on other grounds by State v. Folkerts*, 703 N.W.2d 761, 766 (Iowa 2005); *State v. Hendren*, 311 N.W.2d 61, 62 (Iowa 1981).  These decisions did not consider the propriety of a defendant's waiver of presence at the beginning of trial.

The United States Supreme Court has required a defendant's presence at the outset of a federal criminal trial.  Considering language similar to that of the Iowa rule, the court in *Crosby v. United States*, 506 U.S. 255, 258, 261 (1993), found a trial court's decision to proceed with the defendant *in absentia* at the beginning of trial to be impermissible under Federal Rule of Criminal Procedure 43, which at the time of the decision provided:

> (a) PRESENCE REQUIRED. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
> (b) CONTINUED PRESENCE NOT REQUIRED. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,
> > (1) is voluntarily absent after the trial has commenced . . . .

The *Crosby* defendant was not in custody at the beginning of his trial but instead had absconded while on conditional release, and his counsel objected to proceeding with the trial in his absence after he could not be located on the first day of trial. 506 U.S. at 256–57. By contrast, Bell was incarcerated at the time his trial began and had submitted a note indicating the reason for his absence. His counsel did not object. There is an absence of a colloquy between the court and Bell concerning the waiver of Bell's presence. These facts might distinguish the instant case from *Crosby*; however, we need not determine whether Bell's waiver was sufficient or insufficient under either rule 2.27 or the *Crosby* decision, as, unlike the case in *Crosby*, Bell's counsel made no objection to proceeding in his client's absence. Any claim under rule 2.27 is unpreserved due to the failure of Bell's counsel to object, and we therefore consider Bell's claim only under the rubric of ineffective assistance of counsel. However, we conclude the record is insufficient to evaluate Bell's ineffective-assistance claim. To the extent Bell raises ineffective-assistance-of-counsel arguments premised on his trial counsel's failure to object to the court's acceptance of his waiver of presence, we preserve such claims for possible future postconviction proceedings.

ii.    Applicable Legal Standard.

Bell also argues his counsel was ineffective for failing to object to the court's allegedly erroneous statement of the legal standard by which the waiver's validity was tested. The court's April 16, 2018 order found Bell's absence from trial to be made "knowingly and voluntarily." On appeal, Bell notes that the proper standard is "knowing, intelligent, and voluntary." We do not think the court's omission of the

word "intelligent" or "intelligently" is fatal, and Bell has cited no case in which the omission of the word "intelligent" was found to be a violation of the rule. We therefore conclude Bell was not prejudiced by his counsel's failure to take issue with the court's omission of the word "intelligent" in stating the standard, and we reject this narrow portion of Bell's ineffective-assistance-of-counsel claims.

Bell further argues that even if we disregard his critique of the court's statement of the standard, the standard is nevertheless not met and his counsel was ineffective for failing to object. We find the record insufficient to consider this claim, and we therefore preserve it for future proceedings.

### iii.    Rule 2.19(9) Trial

In a footnote, Bell argues the trial on his prior offenses pursuant to Iowa Rule of Criminal Procedure 2.19(9) was analytically separate from the trial for sex offender registry violations for purposes of the arguments he makes on appeal related to his waiver of presence. Bell cites no authority for this proposition and mentions it only in a footnote. We therefore deem the issue waived.[4] Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

### C. Pro Se Brief

Bell filed a pro se brief adding to his appellate counsel's arguments. While his hand-written pro se brief lacks clarity, it appears Bell argues he received insufficient communication from both his trial and appellate counsel and alleges the insufficient communication led to ineffective assistance of counsel. He also

---

[4] Furthermore, this issue is not preserved, and thus, we can only consider it as part of Bell's ineffective-assistance-of-counsel claims.

supports his ineffective-assistance claim by noting his trial counsel failed to introduce certain exhibits and make a Fourth Amendment argument. He further complains about representation in prior criminal matters and asserts he has received "cumulative" ineffective assistance of counsel across several matters. These claims all address strategic decisions of trial counsel or the relationship between Bell and counsel. We make no finding on the merit of these arguments, and we preserve them for possible future postconviction-relief proceedings, where the record can be further developed and counsel may respond.

Lastly, Bell argues in his pro se brief that the trial court judge abused his discretion by failing to recuse himself and failing to allow attorney Nate Legue to withdraw. We disagree that there were any grounds necessitating Judge Cleve's recusal, and therefore Judge Cleve did not abuse his discretion by failing to recuse himself. Similarly, we find no abuse of discretion in Judge Cleve's decision to deny Legue's motion to withdraw. Bell had four separate attorneys appointed to represent him throughout the trial phase of this matter. Legue's motion to withdraw came less than one month prior to trial and nearly two years after the criminal complaint. As the State noted, Bell had disagreements with prior counsel as well. The court allowed Legue to withdraw after the trial had concluded. Given these facts, we find no abuse of discretion in the court's denial of the motion to withdraw.

## IV. Conclusion

We find Bell's rule-based claims to be unpreserved. Having considered the ineffective-assistance-of-counsel claims raised in the pro se brief and in appellate counsel's brief, we preserve such claims—with one narrow exception—for possible future postconviction proceedings where a record may be developed and

defense counsel may respond.  We reject any claim that recusal was warranted or that the court abused its discretion in denying a motion to withdraw for Bell's appointed attorney.  The convictions are affirmed.

**AFFIRMED.**